896 F.Supp. 1032 (1995)
SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,
v.
William and Lauri CLIFFORD, and Wendy and Tom Peterson, Defendants.
Civ. No. 94-1227-FR.
United States District Court, D. Oregon.
August 18, 1995.
*1033 Stephen F. English, Beth Skillern, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for plaintiff.
John P. Salisbury, Grove & Salisbury, Clatskanie, OR, for defendants William and Lauri Clifford.
Don S. Willner, Willner & Heiling, P.C., Portland, OR, Michael R. Sahagian, Aloha, OR, for defendants Wendy and Tom Peterson.

OPINION
FRYE, District Judge:
The matters before the court are (1) the motion for summary judgment filed by the plaintiff, Safeco Insurance Company of America (Safeco) (# 16); and (2) the joint motion for summary judgment filed by the defendants, William and Lauri Clifford and Wendy and Tom Peterson (# 24).

FACTS
William and Lauri Clifford obtained Oregon Homeowners Policy Special Form Policy No. OP389533 (hereinafter referred to as "the Policy") from Safeco which, subject to the terms and agreements of that contract of insurance, provided liability insurance for the Cliffords for the period from May 28, 1993 through May 28, 1994.
The Policy provides, in relevant part:
DEFINITIONS
....
2. "bodily injury" means:
a. bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom;
b. personal injury arising out of one or more of the following offenses:
(1) false arrest, detention or imprisonment, or malicious prosecution;
(2) libel, slander or defamation of character; or

*1034 (3) invasion of privacy, wrongful eviction or wrongful entry.
....
Except as stated in paragraph 2.b, Section IIExclusions do not apply to personal injury coverage.
....
5. "insured location" means:
a. the residence premises;
b. that part of any other premises, other structures and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with the premises included in 5.a. or 5.b.;
....

SECTION II  LIABILITY COVERAGES

COVERAGE E  PERSONAL LIABILITY
If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
1. pay up to our limit of liability for the damages for which the insured is legally liable; and
2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent....
....

SECTION II  EXCLUSIONS
1. Coverage E  Personal Liability ... do[es] not apply to bodily injury or property damage:
....
e. arising out of the ownership, maintenance, use, loading or unloading of:
....
(2)(a) motor vehicles or all other motorized land conveyances, including any trailers, owned or operated by or rented or loaned to any insured; or
....
This exclusion does not apply to:
....
(b) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and owned by an insured, while on an insured location....
Policy, pp. 1-11 (attached to Exhibit A to the Affidavit of Don S. Willner in Support of Defendants' Joint Motion for Summary Judgment.
William and Lauri Clifford own an allterrain vehicle (ATV). The ATV is used by William and Lauri Clifford and their children for recreation, chores, visiting relatives on adjacent properties, and various other uses.
Rosemary Clifford, the mother of William Clifford, owns the property adjacent to the property of William and Lauri Clifford. William and Lauri Clifford have used the property of Rosemary Clifford for recreation, borrowing and lending garden equipment, helping with chores, loading and unloading livestock and equipment, storing furniture, storing firewood, and burning garbage on Rosemary Clifford's "burn pile."
The property of Rosemary Clifford is surrounded by a chain link fence. In the yard, there is a volleyball net with poles permanently cemented into the ground.
On March 27, 1994, Michael Peterson, the nephew of William and Lauri Clifford, was being pulled behind the ATV on a "sled" made out of a piece of counter top which had a vinyl bottom. The ATV was driven by Travis Clifford, the son of William and Lauri Clifford. While he was being pulled, Michael Peterson struck one of the poles holding the volleyball net and broke his leg.
On October 11, 1994, Safeco filed a suit for a declaratory judgment regarding the rights and liabilities of the parties under the Policy.
On May 8, 1995, Safeco filed a motion for summary judgment on the grounds that as a matter of law Safeco has no obligation under the Policy to pay the medical expenses incurred *1035 by Michael Peterson by reason of the injuries he sustained on March 27, 1994.
On June 8, 1995, the defendants, William and Lauri Clifford and Tom and Wendy Peterson, jointly filed a cross-motion for summary judgment.

CONTENTIONS OF THE PARTIES
The plaintiff, Safeco, contends that the personal injury coverage provided by the Policy does not pertain to the injuries sustained by Michael Peterson on March 27, 1994 on the grounds that the injuries arose out of the ownership, use or entrustment of a motorized land conveyance, and that the motorized land conveyance was not being used on an "insured location" at the time of the accident.
The defendants, William and Lauri Clifford and Wendy and Tom Peterson, contend that the exclusions in the Policy do not apply to personal liability claims; that the use of the ATV is an exception to the exclusion of incidents arising out of the use of a motorized land conveyance; and that the incident happened on an "insured location."
The Cliffords and the Petersons further contend that if the court does not find that the incident occurred on an "insured location," the question of whether the location is insured is a question of fact for the jury.

APPLICABLE STANDARD
Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
Under the laws of the State of Oregon, the interpretation of a contract of insurance is generally one of law and is, therefore, appropriate for summary judgment. See Hoffman Constr. Co. v. Fred S. James & Co., 313 Or. 464, 469, 836 P.2d 703, 706 (1992); Timberline Equip. Co. v. St. Paul Fire and Marine Ins. Co., 281 Or. 639, 643, 576 P.2d 1244, 1246 (1978). "The exception to this rule is that if the language of the contract is ambiguous, or if technical words, local phrases or terms of art are used and evidence is properly admitted showing meaning, the question becomes one of fact." Timberline Equip. Co., 281 Or. at 643, 576 P.2d at 1246.

ANALYSIS

A. Does the exclusion regarding the use of a motorized land conveyance on an insured location apply to the undisputed facts of this case?

The Policy provides, in relevant part:
2. "bodily injury" means:
a. bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom;
b. personal injury arising out of one or more of the following offenses:
(1) false arrest, detention or imprisonment, or malicious prosecution;
(2) libel, slander or defamation of character; or
(3) invasion of privacy, wrongful eviction or wrongful entry.
....
Except as stated in paragraph 2.b, Section II  Exclusions do not apply to personal injury coverage.
The Cliffords and the Petersons argue that the exclusion of coverage for injuries sustained in the use of a motorized land conveyance does not pertain to a personal liability claim based on the wording of the exception to the exclusions in the definition of "bodily injury."
Safeco contends that the exception stated in the definition of "bodily injury" applies to a personal injury which arises out of one or more of the offenses listed in paragraph 2.b. Safeco argues that since the claim of the defendants is for damages for the bodily injury that Michael Peterson sustained while he was being pulled on a sled behind an ATV, not for a personal injury arising out of false arrest, slander, invasion of privacy, or any of the other offenses listed under paragraph 2.b, the defendants cannot prevail.
*1036 The court finds that the exception to the exclusions in Section II stated in the definition of "bodily injury" does not pertain to the claim of William and Lauri Clifford because the claim of the Cliffords is for bodily injury as defined in paragraph 2.a, and not for personal injury as defined in paragraph 2.b of the Policy.

B. Is the area where the accident occurred considered an "insured location"?

Safeco contends that there is no coverage for the claim of William and Lauri Clifford because the incident did not occur on an insured location.
The Cliffords and the Petersons contend that the yard of Rosemary Clifford, where Michael Peterson broke his leg, was an "insured location" subject to paragraph 5.c of the Policy because William and Lauri Clifford use the property of Rosemary Clifford "in connection with" their own insured property.
The Policy provides, in relevant part:
5. "insured location" means:
a. the residence premises;
b. that part of any other premises, other structures and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with the premises included in 5.a. or 5.b.
The Cliffords and the Petersons rely on Nationwide Mut. Ins. Co. v. Prevatte, 108 N.C.App. 152, 423 S.E.2d 90 (1992), where the court found that there was coverage for an accident involving an ATV on a neighboring field. The insured had testified that the family had been using the adjacent property frequently for several years, and that while each walk and ATV ride began and ended on the insured property, some points of the trail crossed over to the neighboring property. The judge found that the plain language of the policy allowed for the interpretation that the neighboring land had been used "in connection with" the insured property.
William and Lauri Clifford have stated in their depositions that the property of Rosemary Clifford has been used to load and unload equipment, to burn garbage, and to store furniture, and that the uses are sufficient to show that the property was used "in connection with" the insured property of William and Lauri Clifford.
Safeco relies on Illinois Farmers Ins. Co. v. Coppa, 494 N.W.2d 503 (Minn.App.1993), where an ATV accident occurred on an adjacent hayfield not owned by the insured. The accident was found not to be covered by the homeowners' policy which contained exclusions for "accidents occurring off insureds' `residence premises.'" Id. at 504. The court stated that "`insured location' was not meant to describe adjacent, non-owned land on which an ATV might be used. The hayfield is not part of the residence premises and is not `used in connection with' such premises as are approaches or easements of ingress to or egress from the property." Id. at 506.
The defendants here provide evidence tending to show that the property at issue is used on occasion when there is garbage to burn and when there is something to be loaded in or unloaded from a truck that does not fit in the driveway of the property of William and Lauri Clifford. These facts are not sufficient to transform the adjacent land, not owned by the insured, into an "insured location" under the Policy. The Cliffords and the Petersons do not state that the property is used routinely in any matter connected with the insured property, nor do they indicate that they have an easement for the use of the property of Rosemary Clifford.
The court finds that Safeco is not required to provide coverage for the incident on March 27, 1994, which occurred on property adjacent to the insured property.

C. Is the ATV subject to "motor vehicle registration" as intended in the Policy?

Safeco contends that it intended the Policy to include an ATV in the exclusion of coverage for incidents arising from the use of a motorized land conveyance subject to "motor vehicle registration."
*1037 The Cliffords and the Petersons contend that the court should look to local statutes defining what is subject to registration in order to decide if the ATV was part of the exclusion in the Policy on the grounds that the Policy leaves to the individual states to determine which motorized land conveyances will be subject to "motor vehicle registration."

SECTION IIEXCLUSIONS
1. Coverage EPersonal Liability ... do[es] not apply to bodily injury or property damage:
....
e. arising out of the ownership, maintenance, use, loading or unloading of:
....
(2)(a) motor vehicles or all other motorized land conveyances, including any trailers, owned or operated by or rented or loaned to any insured; or
....
This exclusion does not apply to:
....
(b) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and owned by an insured, while on an insured location.
O.R.S. 801.360 defines motor vehicle as "a vehicle that is self propelled or designed for self-propulsion." Motor vehicles are subject to registration pursuant to O.R.S. chapter 803. However, O.R.S. chapter 821 regulates the registration of off-road vehicles, snowmobiles, and all-terrain vehicles.
O.R.S. 821.080(8) provides, in relevant part:
Requirements and procedures adopted under this subsection shall be designed to assure that except as otherwise provided in this chapter, the registration of snowmobiles, Class I and Class III all-terrain vehicles is administered in the same manner and has the same effect as the registration of vehicles under ORS chapter 803.
Although registration is regulated by different chapters of the Oregon Revised Statutes, the plain language of O.R.S. 821.080(8) leads the court to conclude that an ATV needs to be registered the same way as other motor vehicles.
This court finds that the ATV owned by William and Lauri Clifford was subject to "motor vehicle registration" pursuant to O.R.S. chapter 821 as used in the Policy exclusion.

CONCLUSION
The motion of Safeco for summary judgment (# 16) is granted. The joint motion of the Cliffords and the Petersons for summary judgment (# 24) is denied.