## NORTHERN SECURITY INSURANCE COMPANY, INC. v. Mary L., Joseph and Anthony ROSSITTO

[762 A.2d 861]

No. 99-188

October 18, 2000. Defendants, the Rossittos, appeal from the grant of summary judgment by the Washington Superior Court in favor of plaintiff Northern Security Insurance Company. Northern Security instituted a declaratory judgment action seeking a determination that it did not owe homeowner's liability insurance coverage to defendants for an accident involving all terrain vehicles (ATVs) that occurred on or near defendants' property. Defendants claim that the trial court erred by (1) deciding a disputed issue of material fact regarding where the accident occurred in reaching summary judgment, (2) finding the insurance contract unambiguous, and (3) failing to address their affirmative defenses. We reverse and remand.

The undisputed facts are as follows: In June 1974, Paul and Mary Rossitto, residents of New York, purchased a camp at Neal's Pond in Lunenberg, Vermont. They accessed this camp by a deeded right-of-way. Mr. Rossitto purchased a Northern Security homeowner's insurance policy on the Lunenberg property with Poulos Insurance of St. Johnsbury. Mr. Rossitto died in 1989, and Mrs. Rossitto became the sole owner of the Vermont property. On September 3, 1994, Mrs. Rossitto's sons, Joseph and Anthony, had an accident while the two were riding their ATVs. Apparently, Joseph struck Anthony, injuring Anthony's leg and requiring his hospitalization.

The parties dispute, however, the exact location of the accident. The Rossittos contend that the accident occurred on their property because the accident occurred on their right-of-way; Northern Security contends that the right-of-way is not "property" within the meaning of the policy or, in the alternative, that the accident occurred completely off the Rossittos' right-of-way.

Anthony filed a personal injury lawsuit against his mother and Joseph in Queens County, New York, on August 8, 1995. This underlying action has yet to be decided. Northern Security, a Vermont corporation, first received notice of the accident on September 13, 1995. Mrs. Rossitto and Joseph signed a nonwaiver agreement at their New York home on September 24, 1995, to allow Northern Security to investigate the claim while simultaneously defending them in the New York action.

On November 10, 1997, Northern Security requested that Washington County Superior Court declare that its liability policy with the Rossittos did not cover the accident, joining Anthony as a defendant in the action. Both parties moved for summary judgment. On March 22, 1999, the court granted Northern Security's motion on the ground that the ATV at the time of the accident was excluded from personal injury liability coverage. This appeal followed.

## I.

In its decision, the trial court assumed there were no disputed issues of material fact. This was error because there exists a dispute with regard to where the accident actually occurred. Defendants assert that the accident occurred on their right-of-way. Northern Security contends that the accident occurred completely off defendants' property, including the right-of-way. Furthermore, Northern Security asserts that defendants attempted to create a "sham issue" to oppose its motion for summary judgment by presenting an affidavit that conflicted with an earlier deposition.

During his deposition, Anthony described the accident as occurring in an area that was not accessible by automobiles. Northern Security argues that the necessary implication is that the accident did not happen on the right-of-way, which is accessible by automobiles. In contrast, Anthony's affidavit states that the accident did occur on the right-of-way. Northern Security's "sham issue" argument is not determinative, however, because an affidavit may not be excluded solely on the ground that it conflicts with a deposition. See *Pierce v. Riggs*, 149 Vt. 136, 139, 540 A.2d 655, 657 (1987). The Court must, "in reviewing a decision to grant summary judgment[,] . . . regard all allegations made in opposition to summary judgment as true, if supported by affidavits or other evidence." *Peters v. Mindell*, 159 Vt. 424, 426, 620 A.2d 1268, 1269 (1992).

Summary judgment should be granted only where there is no disputed issue of material fact and the movant is entitled to judgment as a matter of law. See *Bacon v. Lascelles*, 165 Vt. 214, 218, 678 A.2d 902, 905 (1996). The issue is material only if it might affect the outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, the disagreement over the location of the accident creates a disputed issue of material fact. As discussed more fully below, if the defendants' contentions are true and the right-of-way is considered "property," then the accident occurred on their property and the ATVs would not have been "subject to motor vehicle registration" and, thus, would be exempted from the exclusion to liability coverage contained in Northern Security's policy. The trial court, therefore, improperly decided a disputed issue of material fact on summary judgment. The case is remanded to the trial court to determine this factual issue of where the accident occurred.

## II.

The next issue is whether the trial court erred by concluding that the policy unambiguously excluded liability coverage for a personal injury arising out of the ATV accident. Defendants argue that there exists an ambiguity as to whether the policy's liability coverage extends to the accident involving their ATVs, relying on the principle that any ambiguity in an insurance contract must be construed in favor of the insured. To answer this question, we turn to the language of the policy.

The policy excludes from coverage personal injuries connected to certain motorized vehicles and motorized land conveyances, which include ATVs. The exclusion provides that liability coverage does not apply to bodily injury or property damage arising out of:

> [T]he ownership, maintenance, *use*, loading or unloading of mo-

tor vehicles or *all other motorized land conveyances,* including trailers, owned and operated by or rented or loaned to an "insured" . . . .

(Emphasis added.) Exempted from this exclusion, however, is:

[A] *motorized land conveyance* designed for recreational use off public roads, *not subject to motor vehicle registration* and:
(a) not owned by an "Insured"; or
(b) *owned by an "Insured" and on an "Insured location."*

(Emphasis added.) Thus, in order to qualify for either of the exemptions to the "motorized land conveyance" exclusion, an ATV cannot be "subject to motor vehicle registration."

A full understanding of the exclusion requires reference to the Vermont motor vehicle registration statute, 23 V.S.A. § 3502. The statute provides:

(a) An all-terrain vehicle may not be operated unless registered pursuant to this chapter or any other section of this title, by the state of Vermont except when operated:
(1) on the property of the owner of the all-terrain vehicle; or
. . . . .
(4) solely on privately owned land when the operator is specifically invited to do so by the owner of that property and has on his person the written consent of the owner.

23 V.S.A. § 3502. Defendants assert that the interplay between the registration statute and the policy is complicated and renders the meaning of the exclusion far from obvious. Essentially, they argue that the policy, when read as a whole, should

be construed as covering the ATV accident.

An insurance contract "must be interpreted according to its terms and the evident intent of the parties as expressed in the policy language" and all "[d]isputed terms are to be read according to their plain, ordinary and popular meaning." *Northern Sec. Ins. Co. v. Hatch,* 165 Vt. 383, 385-86, 683 A.2d 392, 394 (1996). It is the policy of this Court to favor complete coverage when interpreting insurance contracts. *Cooperative Fire Ins. Ass'n of Vermont v. Bizon,* 166 Vt. 326, 333, 693 A.2d 722, 727 (1997). We interpret ambiguities in favor of the insured. *Northern Sec. Ins. Co.,* 165 Vt. at 386, 683 A.2d at 394.

The threshold issue is whether the ATVs were subject to registration under § 3502(a)(1). Subsection (a)(1) exempts the ATV from the registration requirement if the ATV was operated "on the property of the owner of the all-terrain vehicle." The question becomes, therefore, whether the defendants' right-of-way is such "property," because that is where the defendants assert that the accident occurred. Northern Security contends that a right-of-way is not "property." Their interpretation is that the right-of-way is a limited, nonpossessory property interest and that it is unreasonable to include a right-of-way in the ordinary definition of property. Defendants contend that their right-of-way, because it is included in their deed, is "property" under the statute.

Rights-of-way are easements, legally recognized property interests, of which the owner is entitled to "reasonable" use. See, e.g., *Baker v. Koslowski,* 117 Vt. 124, 126, 85 A.2d 500, 502 (1952); *Thurston Enterprises, Inc. v. Baldi,* 519 A.2d 297, 300 (N.H. 1986); *Cote v. Eldeen,* 403 A.2d 419, 420 (N.H. 1979) (applying "doctrine of reasonable use"); *Birdsey v. Kosienski,* 101 A.2d 274, 278 (Conn. 1953).

If this Court were to hold "property" did not encompass a "property" right

such as an easement, it would create an absurdity. Under § 3502(a)(4), if a person operated his ATV on property not his own, the vehicle *would not* be subject to registration so long as he had written authorization from the property owner. Likewise, the ATV *would not* be subject to registration if used solely within the metes and bounds of his own property. It would indeed create an anomalous distinction to either of the above locations, if the person were to operate his ATV on an easement and the vehicle *would* be subject to registration. Therefore, we construe the term "property" within the purposes to be served by the law, to encompass an easement. Thus, if the accident occurred on defendants' right-of-way, the "not subject to registration" component of the exemption would have been satisfied.

The next requirement for coverage is that the ATV be "on an insured location." There is no dispute that defendants owned both ATVs involved in the accident. The dispute involves whether the ATVs were "on an insured location." The majority of the cases have held that the phrase refers to the physical location of the accident. See, e.g., *Safeco Ins. Co. of America v. Clifford*, 896 F. Supp. 1032, 1037 (D. Or. 1995) (accident occurred on neighboring property and was not considered on "insured location"); *Nationwide Mut. Ins. Co. v. Prevatte*, 423 S.E.2d 90, 92 (N.C. Ct. App. 1992) (accident occurred on neighboring property and was considered "on an insured location"); *Safeco Ins. Co. v. Brimie*, 516 N.E.2d 577, 581 (Ill. App. Ct. 1987) (accident occurring on neighboring school grounds not considered "on an insured location"); *Illinois Farmers Ins. Co. v. Coppa*, 494 N.W.2d 503, 506 (Minn. Ct. App. 1993) (accident occurring in neighboring hayfield not considered "on an insured location").

We find no ambiguity in whether the term "insured location" encompasses de-

fendants' right-of-way. Defendants' policy defines insured location as the "residence premises" or "any premises used by [insured] in connection with [residence premises]." Based on this definition, we have no difficulty in concluding the right-of-way is an "insured location." Case law attempting to define "insured location" supports our conclusion. See, e.g., *Uguccioni v. United States Fidelity & Guar. Co.*, 597 A.2d 149, 150 (Pa. Super. Ct. 1991) (holding that a private roadway used by the insured to access their property was used "in connection" with the property and, thus, was an "insured location"); *Clifford*, 896 F. Supp. at 1036; *Prevatte*, 423 S.E.2d at 92-93; *Coppa*, 494 N.W.2d at 506.

We hold that, if the accident took place on defendants' right-of-way, the ATVs would not have been subject to registration, would have been owned by an insured on an insured location, and, consequently, would have been covered by the personal injury liability coverage in the homeowner's policy.

### III.

Defendants finally argue that the trial court failed to address their affirmative defenses and that New York law governs the analysis of those defenses. Specifically, they argue that the court did not address their affirmative defenses of estoppel and laches.

Because we are remanding for a trial to determine the disputed issues of fact, the trial court will have an opportunity to address defendants' affirmative defenses to Northern Security's denial of coverage if necessary. Notably, if the location of the accident is resolved in defendants' favor, consideration of the affirmative defenses to Northern Security's declaratory judgment action will be unnecessary.

With respect to the choice of law governing the analysis of these defenses, should it be necessary to reach the question, the trial court should be given the

first opportunity to address it. Cf. *Parker v. Town of Milton*, 169 Vt. 74, 77, 726 A.2d 477, 480 (1998) (noting this Court lacks the constitutional authority to issue advisory opinions). Although the trial court concluded that Vermont law governed a discovery dispute between the parties that potentially implicated the asserted defenses, it has not had the opportunity to address the choice of law question specifically in the context of defendants' affirmative defenses following a full development of the underlying facts giving rise to those defenses. On remand, it will have the opportunity to do so.

*Reversed and remanded.*