STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Britting Wastewater/Water Supply Permit | } | Docket No. 259-11-07 Vtec |
| (Appeal of Dannenberg) | } | |
| | } | |

Decision and Order on
ANR's and WRP's Motions to Remand and Motions to Strike or Dismiss Questions,
and on Appellant's Motion to Remand and Motion to Consolidate

Appellant Paul S. Dannenberg appealed from a decision of the Department of Environmental Conservation of the Vermont Agency of Natural Resources granting Mr. Kenneth Britting, Jr. a Wastewater System and Potable Water Supply permit (#WW-4-2786) (the Britting Permit). Mr. Dannenberg is an attorney who has appeared and represents himself; the Vermont Agency of Natural Resources (ANR) is represented by Aaron Adler, Esq; and the Water Resources Panel (WRP) of the Vermont Natural Resources Board is represented by Mark L. Lucas, Esq. Appellee-Applicant Kenneth Britting, Jr., has entered his appearance representing himself, but has not filed any memoranda on the pending motions.

Appellant has submitted twenty-seven questions for the Court's consideration in his Statement of Questions. Appellant's essential concern is that the Britting Permit allows a well isolation zone[1] to extend beyond the Britting property onto Appellant's property, arguing that the effect of the Britting Permit is unfairly to restrict the potential use of a portion of Appellant's property.

Over the course of this permit proceeding, Appellant has made several requests at

---

[1] ANR Wastewater System and Potable Water Supply Rules, effective January 1, 2005 (2005 ANR Rules), § 1-503(a).

1

various levels of the ANR for it to reconsider its decision to issue the Britting Permit, which was initially issued on March 28, 2007 by the Assistant Regional Engineer. Appellant requested reconsideration first by the Regional Office Programs Manager, who issued a decision letter dated June 19, 2007 that there was "no basis for revising the regional office decision." Appellant next requested by letter dated July 3, 2007 that the Director of the Wastewater Management Division reconsider the decision. Appellant also sent[2] a letter on September 24, 2007 that requested the then-acting Commissioner of the Department of Environmental Conservation to reconsider the decision to issue the Britting Permit, characterizing his successive requests for reconsideration as "appeals" of the Britting Permit, and citing § 1-304(c)[3] of the 2005 ANR Rules as authority for the requests. No final decision has been issued by the Commissioner on these requests. Indeed, the ANR has requested remand of this proceeding in order to complete its work on the requests for administrative reconsideration.

In the present motions, the ANR and the WRP have moved to strike or dismiss all but Question 1 of Appellant's Statement of Questions. The ANR has also requested that the Court remand this matter so that it may act on the pending request for reconsideration filed by Appellant. V.R.E.C.P. 5(i). Appellant has moved for stay of the Britting permit, and has moved for the "consolidation" of this appeal with superior court proceedings if

---

[2] This letter was mailed requesting signature confirmation to the Acting Commissioner at the ANR's address in Waterbury, Vermont. It was signed for by a "Timothy Plastridge;" the 2007-2008 Vermont State Directory shows a person of that name as employed by the State Department of Buildings and General Services. While the question may be disputed as to whether this request was in fact received by the Acting Commissioner in the early fall of 2007, that issue is moot as the ANR has requested remand of the present proceeding to conduct or complete the requested reconsideration.

[3] Section 1-304 of the 2005 ANR Rules provides for these levels of administrative reconsideration and states that the Commissioner's written decision constitutes the final act or decision by the Secretary, presumably for purposes of appeal.

such proceedings are later filed.

This Court has statewide jurisdiction as court of record to hear certain matters. 4 V.S.A. § 1001(a),(b); 10 V.S.A. § 8504. Questions raised in an appellant's statement of questions that go beyond this Court's subject matter jurisdiction must be dismissed for that reason. See, e.g., In re: Higgins-Jockey Lane Subdivision Final Plat, Docket No. 200-8-07 Vtec, slip op. at 5 (Vt. Envtl. Ct. Sept. 28, 2007) (dismissing a question regarding 3 V.S.A. §§ 302 and 305 as beyond this Court's subject matter jurisdiction). In this de novo appeal from an ANR permit decision, this Court sits in place of the ANR and must apply the substantive standards that were applicable before the tribunal appealed from. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g).

The permit application must be considered under the applicable ANR rules for wastewater systems and potable water supply. At the time of the application, the rules issued in 2005 were in effect. ANR Wastewater System and Potable Water Supply Rules (Jan. 1, 2005) ("2005 ANR Rules"). Under these rules, "[i]solation distances apply regardless of properly line location and ownership." 2005 ANR Rules § 1-503.[4]

Questions 2, 4 through 15, 18, 19, 21, and 23 of the Statement of Questions

Appellant's Questions 2 and 18 ask whether the permit affects Appellant's property rights or impermissibly encumbers Appellant's property. Appellant's Questions 4 through 15, and 19 ask whether the permit impermissibly authorizes use of or trespass onto

---

[4] These rules were revised effective September 27, 2007; the 2007 ANR Rules contain the same provision in a differently-numbered section. State of Vermont Agency of Natural Resources, Department of Environmental Conservation, Wastewater Management Division, Environmental Protection Rules, Chapter 1, Wastewater System and Potable Water Supply Rules § 1-807 (Sept. 29, 2007) (2007 ANR Rules), available at http://www.anr.state.vt.us/dec/ww/Rules/OS/2007/FinalWSPWSRuleEffective20070929.pdf

Appellant's property and whether an easement benefitting the Britting property is required to be acquired from Appellant before the permit could be approved. Appellant's Questions 21 and 23 address the alienability of the Britting property during the pendency of this appeal or if the permit were denied.

This Court's consideration of property-related issues and rights is limited to issues within the scope of the regulations governing the permit application. For example, in cases in which the applicable regulation requires access by a right-of-way of a certain width, the Court can consider whether the applicant has demonstrated that the application meets such a requirement. On the other hand, resolution of adjacent landowners' rights regarding a disputed right-of-way is beyond the jurisdiction of this Court. See, e.g., in relation to municipal and state land-use permitting decisions, In re: Higgins-Jockey Lane Subdivision Final Plat, Docket No. 200-8-06 Vtec, slip op. at 6 (Vt. Envtl. Ct. Sept. 28, 2007) (collecting cases), In re: Stowe Highlands Resort PUD to PRD Application, Docket No. 159-8-07 Vtec, slip op. at 7-8 (Vt. Envtl. Ct. Jan. 25, 2008).

To the extent that Questions 2, 4 through 15, 18, 19, 21, and 23 inquire about the extent and nature of Appellant's or Appellee-Applicant's property interests in regard to unauthorized use or trespass,[5] easements,[6] or alienability,[7] they ask the Court to address issues of property rights that fall beyond its subject matter jurisdiction. They are also posed as purely advisory questions which are in any event beyond the scope of a court's authority to address. In re 232511 Investments, Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409, 417 (2006). Questions 2, 4 through 15, 18, 19, 21, and 23 of the Statement of Questions are therefore

---

[5] See, e.g., Canton v. Graniteville Fire Dist. No. 4, 171 Vt. 551, 552 (2000) (trespass).

[6] See, e.g., Northern Sec. Ins. Co., Inc. v. Rossitto, 171 Vt. 580, 582 (2000) (easements).

[7] See, 63C Am. Jur. 2d Property § 35 (2008) (alienability).

DISMISSED from this appeal.

Questions 16 and 17 of the Statement of Questions

Questions 16 and 17 raise issues of the constitutionality of the 2005 ANR Rules, both on their face (as to adjacent landowners' property rights in general), and as applied in this particular case to the Britting application and to Appellant's property rights in particular. Questions 16 and 17 frame the issues as a 'takings' claim under the United States Constitution and the Vermont Constitution.

A challenge to the constitutionality of an agency rule on its face may be filed in an action for declaratory judgment in the Washington superior court "if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights and privileges of the plaintiff." 3 V.S.A. § 807. On the other hand, to the extent that Questions 16 and 17 instead address the constitutionality of the 2005 ANR Rules as applied to the particular permit application on appeal, the Environmental Court has jurisdiction. See 4 V.S.A. § 1001(b) (giving this Court subject matter jurisdiction to consider matters arising under 10 V.S.A. chapter 220); and compare 24 V.S.A. § 4472(b) (in municipal appeals).

However, a takings claim that is not ripe for review must be dismissed as prematurely made. See Killington, Ltd. v. State, 164 Vt. 253, 258–60 (1995) (citing Southern Pacific Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502, 504 (9th Cir. 1990)). In the present case, until Appellant has received a final decision from ANR regarding his requests for reconsideration of the Britting permit, his regulatory takings questions are not ripe for review. See Killington, 164 Vt. at 257 (holding that a regulatory takings claim must satisfy the test explained in Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985) to be ripe); In re Sherman Hollow, Inc., 160 Vt. 627, 630 (1993) (same).

Questions 16 and 17 of the Statement of Questions are therefore DISMISSED without prejudice as premature.

Question 27

Question 27 of Appellant's Statement of Questions asks whether Appellant, who is an attorney, is "entitled to reasonable attorney's fees and costs and inconvenience damages" for the time he has spent pursuing this appeal and any subsequent litigation.

To the extent that Question 27 refers to potential subsequent litigation, it requests an impermissible advisory opinion and will not be further considered.

To the extent that Question 27 refers to the present appeal, there is no statutory provision for the recovery of damages or attorney's fees in environmental permit appeals. See generally, 10 V.S.A. Chapter 220, Consolidated Environmental Appeals. Vermont courts follow the "American rule," under which each party is responsible for its own attorney's fees, unless a statute provides otherwise, Merriam v. A.I.G. Claims Svcs., Inc., 2008 VT 8, ¶ 16 (citing Harsch Props., Inc. v. Nicholas, 2007 VT 70, ¶ 11), or in the rare cases in which an appellant can demonstrate bad faith or other conduct sufficient to create an exception to the American rule. See, e.g., In re Appeal of Gadhue, 149 Vt. 322, 327-28 (1987).

Appellant argues that the federal statute 42 U.S.C. § 1988(b) permits him to recover attorney's fees for his own work as a pro se attorney. Section 1988(b) allows a court, in its discretion, to award the prevailing party reasonable attorney's fees as part of the costs for any action or proceeding to enforce provisions of 42 U.S.C. § 1983, among other civil rights statutes. 42 U.S.C. § 1988(b). As this appeal is not an action brought under the cited federal statute, that provision does not apply. In any event, attorney's fees are not available under § 1988 to pro se attorney litigants, or to any pro se litigants. Kay v. Ehrler, 499 U.S. 432, 437–38 (1991); see also Adamson v. Dodge, 180 Vt. 612, 615, 2006 VT 89, ¶ 8.

Appellant also seeks to recover attorney's fees for his work under the "private attorney general," or "common fund," equitable exception to the American Rule. Under the equitable "private attorney general" or "common fund" exception, a court may award attorney's fees from a common fund of recovered damages, thereby reducing each

6

prevailing plaintiff's proportional share. <u>Robes v. Town of Hartford</u>, 161 Vt. 187, 198–99 (1993). Not only has the Vermont Supreme Court declined to recognize the private attorney general equitable exception to the American Rule, <u>id</u>. at 199, but the environmental appeals statute does not provide for damages at all, so that there is no "common fund" from which such fees could be awarded.

Accordingly, Question 27 is also DISMISSED.


<u>Remand</u>

The five questions that have not been dismissed, Questions 1, 3, 24, 25, and 26, raise issues regarding the merits of the application at issue in this <u>de novo</u> appeal, despite their being stated in terms of whether the permit was properly issued or should be revoked. The ANR has requested remand so that it may conclude the reconsideration procedure initiated by Appellant.

This Court may remand an appeal to the tribunal appealed from at that tribunal's request. V.R.E.C.P. 5(i). Remand is especially appropriate where, as here, an administrative remedy has not yet been exhausted. See <u>Town of Bridgewater v. Dept. of Taxes</u>, 173 Vt. 509, 511 (2001) (citing <u>In re D.A. Assocs.</u>, 150 Vt. 18, 20 (1988)). Appellant may raise in the reconsideration process all of his issues concerning the applicable procedural and substantive law and authority.

Accordingly, the ANR's motion to remand is GRANTED; Questions 1, 3, 24, 25, and 26 are hereby REMANDED to the Agency of Natural Resources to complete its administrative reconsideration of this matter.


<u>Questions Requesting Stay, and Motion for Stay During Pendency of the Appeal</u>

In Questions 20 and 22, Appellant has asked whether Mr. Britting's permit should be "suspended or revoked during the pendency of this appeal . . ." and whether "the permittee [may] develop his property with the well isolation zone and the permit in force

during the pendency of this appeal . . . ."  To the extent that these questions ask the Court to stay the ANR permit decision pending appeal, they reiterate Appellant's motion for stay under 10 V.S.A. § 8504(f)(2); V.R.E.C.P. 5(e).  The motion for stay was premature as the ANR permit decision was not ripe for review.  However, as the appeal is being remanded to the ANR so that it may complete its reconsideration of this application, to the extent that Questions 20 and 22 effectively seek a stay of the ANR decision that has not yet been finally issued, Questions 20 and 22, as well as Appellant's motion to stay, are also DISMISSED as MOOT.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Question 2, Questions 4 through 23 and Question 27 are DISMISSED as discussed in this opinion.  Questions 1, 3, 24, 25, and 26 are REMANDED to the Agency of Natural Resources so that it may complete its administrative reconsideration process.  Appellant's Motions to Stay and to Consolidate are DENIED as moot.  This decision and order therefore concludes this appeal in this Court.

Please note that any appeal of a final ANR decision filed by any party after the remanded reconsideration will be a new appeal requiring a new notice of appeal and receiving a new docket number at that time.

Done at Berlin, Vermont, this 7th day of April, 2008.

_____
Merideth Wright
Environmental Judge