State of Vermont
Superior Court—Environmental Division

=====================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=====================================================================

**In re Donovan Conditional Use Permit Application**                    **Docket No. 83-6-12 Vtec**
**(Appeal from Town of Waterford Development Review Board)**

Title: Second Motion for Summary Judgment (Filing No. 2)

Filed: May 6, 2013

Filed By: Applicant-Appellee Sean Donovan[1]

Response in Opposition and Cross Motion for Summary Judgment filed on 6/5/13 by
Appellant Howard Remick

Reply filed on 6/17/13 by Applicant-Appellee Sean Donovan


___ Granted                          _X_ Denied                          ___ Other


        On June 27, 2012, Howard Remick (Appellant) appealed the May 28, 2012 decision by
the Town of Waterford Development Review Board (DRB) granting Sean Donovan (Applicant)
a conditional use permit to operate an auto repair shop at 3335 Hale Road in the Town of
Waterford (Town).  This Court established a deadline of November 6, 2012 for summary
judgment motions.  In re Donovan Conditional Use Permit Appl., No. 83-6-12 Vtec slip op. at 1
(Vt. Super. Ct. Envtl. Div. Oct. 15, 2012).  Applicant filed a timely motion for summary
judgment in November and, after receiving responses and replies, this Court granted summary
judgment to Applicant on two of the three questions from Appellant's Statement of Questions.
In re Donovan Conditional Use Permit Appl., No. 83-6-12 Vtec (Vt. Super. Ct. Envtl. Div. Mar.
11, 2013).  We declined to answer on summary judgment Appellant's Question 3, which asks
whether Applicant made a misrepresentation of material fact warranting rejection of his
application.  Specifically, on his application Applicant had checked "no" in response to
"Watercourses located on or adjacent to adjoining property."  (Applicant's Exhibit 1 at 2, filed
Nov. 6, 2012.)  In their filings in late 2012, Appellant alleged that a watercourse exists on the
subject property and Applicant countered that the purported watercourse constitutes merely a
swale or ditch; we therefore identified a dispute of fact and left Question 3 for trial.

        Applicant now submits a second motion for summary judgment on Appellant's
Question 3 acknowledging, in contrast to the position he took in prior filings, that a watercourse
exists on his property and that the permit application he submitted inaccurately omitted it.
However, Applicant argues that (1) the watercourse is immaterial because the Waterford
Zoning Bylaws (Bylaws) do not require the DRB to consider the existence of watercourses in
granting a conditional use permit and (2) Applicant's misstatement caused no prejudice because
the zoning administrator and two members of the DRB visited the property prior to the hearing

---

[1] Attorney Hickey also represents several interested persons, but he signs these filings as "Attorney for
Applicant Sean Donovan."

and, presumably, saw the watercourse. Appellant argues that because the Bylaws allow the DRB to impose conditions on any conditional use permit, the watercourse is material to the consideration of the application. Appellant incorporates into his response a cross motion for summary judgment on Question 3. In reply, Applicant raises another new legal theory: that Appellant should be estopped from raising the issue of the watercourse before this Court because he did not raise it to the DRB below.

## Preliminary Matters

We first address Applicant's estoppel argument. "[W]ithin the context of a de novo hearing on a zoning appeal, a party does not waive legal arguments applicable to the pending zoning application simply because that party did not specifically present those arguments when the municipal panel reviewed the pending application." In re Irish Const. Appl., No. 44-3-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Apr. 6, 2009) (Durkin, J.). This is because municipal appeals are to be decided after trial de novo by this Court, and because of the practical difficulties of determining, without the benefit of a record of municipal proceedings, what parties did or did not argue below. Id.[2] We therefore reject Applicant's suggestion that Appellant should be estopped from posing his question.

Next, the Court notes that Applicant's late-filed motion poses a legal theory that, as far as we can tell, could have been made in November 2012 when motions for summary judgment were due. This Court does not condone the practice of submitting successive motions for summary judgment on the same question. If alternative arguments exist, the better and more efficient practice is for litigants to make them within one filing, rather than testing them out one at a time. Indeed, the Vermont Supreme Court has recently tasked this Court with managing the flow of cases consistent with specific case disposition guidelines. Administrative Directive No. 30, Vermont Supreme Court (Apr. 11, 2013). We remind litigants of the importance of timely and efficient filings in light of the disposition guidelines. Nonetheless, we will address the pending motions as Applicant and Appellant have agreed that our decision might resolve the case without the need for a trial.

## Discussion.

We may only grant a summary judgment request when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). Litigants no longer dispute the fact that Applicant made a misstatement; rather, they dispute the legal question of whether this misstatement is material to consideration of the application under the applicable standards within the Bylaws.

Full disclosure on an initial land use application is vital to the integrity of the permitting process. As this Court once observed in a slightly different context,[3] misrepresentations on an

---

[2] Of course, "truly substantial changes to the form or type of an application do require remand." In re Sisters & Bros. Inv. Grp., 2009 VT 58, ¶ 21, 186 Vt. 103 (citing In re Torres, 154 Vt. 233, 236 (1990)). Here, no party has proposed substantial changes to the form or type of application at issue, which remains a conditional use application for a proposed auto repair business.

[3] The Hurlburt case arose from a request to revoke a final permit, whereas the situation now before us is the timely appeal of a permit. The former situation is now governed by 24 V.S.A. § 4455, while the latter comes under 24 V.S.A. § 4470a.

initial application could enable an applicant to succeed in obtaining a permit "without alerting potential opponents or the zoning administrator to problems with the project under the zoning ordinance." In re Hurlburt, No. 27-2-98 Vtec (Vt. Envtl. Ct. Feb. 12, 1999) (Wright, J.). Our Legislature has recognized this danger; it provides municipal panels the discretion to reject an application that contains a material misrepresentation. See 24 V.S.A. § 4470a.[4]

An issue is "material" if it might affect the legal outcome of the proceeding. N. Sec. Ins. Co. v. Rossitto, 171 Vt. 580, 581 (2000) (mem.). Applicant argues that the watercourse is immaterial because Bylaws § 206.01 requires only the evaluation of whether a proposed conditional use adversely affects five specific factors,[5] and watercourses are not among them. However, the conditional use section of the Bylaws goes on to explain that the DRB[6] "may impose, in addition to the regulations and standards expressly specified by this bylaw, other conditions found necessary to protect the best interests of the surrounding property, the neighborhood, or the municipality as a whole." Bylaws § 206.02. The fact that the conditional use permit application itself specifically requires applicants to disclose any watercourses on the subject property indicates that watercourses can be relevant to a determination on the application.

It is thus clear that the DRB has the authority, as part of the conditional review process, to consider to what extent a proposed use, in light of the existence of a watercourse on the property, may impact other interests; the DRB additionally possesses the authority to impose necessary conditions to protect those interests. Because the existence of a watercourse on the property might affect the legal outcome of the proceeding, it is material to the consideration of the application. A municipal panel cannot assess features of which it has no knowledge.[7] Even if Applicant considers the watercourse on his property to be of little factual consequence, it is not applicants but rather municipal panels that must assess the factual significance of features on the subject property.

Neither party has demonstrated whether the existence of the watercourse might justify rejection of the application or require conditions on the permit to protect other interests. This is a question we cannot determine without knowing more about the nature of the watercourse and the type and scope of the auto repairs shop activities that may occur on the property.

---

[4] The Act 250 analogue is found at 10 V.S.A. § 6027.

[5] These factors are: (1) the capacity of existing or planned community facilities; (2) the character of the area affected; (3) traffic on roads and highways in the vicinity; (4) bylaws then in effect; and (5) the utilization of renewable energy resources. Bylaws § 206.01.

[6] We understand that the relevant zoning body in Waterford is called the Development Review Board, despite the fact that the Waterford Zoning Bylaws use the term "Board of Adjustment."

[7] Applicant alleges that two members of the DRB visited Applicant's property and observed the nature of the watercourse. Even if this is true (and Applicant does not present adequate evidentiary support under V.R.C.P. 56), such a visit is not conclusive proof that the misstatement in the application was thereby corrected or rendered non-prejudicial. Applicant presents no evidence suggesting that the other four voting members of the DRB knew of the watercourse. Furthermore, to the extent that this is a de novo proceeding, we must consider the pending application "'as though no action whatever had [previously] been held.'" Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)). In a de novo trial, parties offer evidence on those questions preserved for appeal, and the Court, if requested, conducts its own site visit to put the evidence into context.

Accordingly, we **DENY** Applicant's motion for summary judgment and Appellant's cross motion for summary judgment on Appellant's Question 3.

<br>

_____          _____July 24, 2013_____
Thomas G. Walsh, Judge                                          Date

===============================================================================

Date copies sent: _____                    Clerk's Initials: _____

Copies sent to:

Appellant Howard Remick
Attorney Charles D. Hickey for Appellee Sean Donovan
Attorney Charles D. Hickey for Interested Person Louis J. Bussiere
Attorney Charles D. Hickey for Interested Person Mike Legendre
Attorney Charles D. Hickey for Interested Person Jason Payeur
Interested Person Town of Waterford