2003 VT 33

## Concord General Mutual Insurance Company v. Frances and John Woods, Jennifer Michaud, Matthew Heslin, and RLI Insurance Co.

[824 A.2d 572]

Nos. 02-114 & 02-437

Present: Amestoy, C.J., Dooley, Morse,[1] Johnson and Skoglund, JJ.

Opinion Filed March 28, 2003

---

[1] Justice Morse sat for oral argument but did not participate in this decision.

*John H. Klesch* of *Mello & Klesch, LLP*, South Burlington, for Plaintiff-Appellant.

*Steven P. Robinson* of *Diamond & Robinson, P.C.*, Montpelier, for Defendants-Appellees Woods.

*Corby A. Gary* of *Axelrod & Adler*, St. Johnsbury, for Defendant-Appellee Michaud.

*Thomas P. Aicher* of *Cleary Shahi Associates, P.C.*, Rutland, for Defendant-Appellee Heslin.

¶ 1. **Johnson, J.** Plaintiff Concord General Mutual Insurance Company (Concord General) appeals from an order of the Caledonia Superior Court denying its motion for summary judgment. Concord General instituted a declaratory judgment action seeking a determination that it did not owe homeowner's liability insurance coverage to defendants for an accident involving an all terrain vehicle (ATV) that occurred on Frances Woods' property. Jennifer Michaud and Matthew Heslin have filed personal injury suits on the basis of injuries allegedly suffered as a result of this accident. Frances and John Woods, defendants in the suits, are insureds under a homeowner's policy issued by Concord General. Concord General claims that the Woods' homeowner's policy excludes coverage for ATV accidents because (1) Frances Woods' ATV was subject to motor vehicle registration, triggering an exclusion listed in the policy, and (2) the reasonable expectation of both parties was that the Woods' ATV was not covered by the homeowner's policy. In addition, the Woods seek compensation for attorneys' fees. We affirm the trial court's denial of summary judgment to Concord General, and we find that Concord General is liable for coverage under the Woods' homeowner's policy. We reverse the trial court's decision on attorneys' fees.

¶ 2. The facts are undisputed. On July 10, 1999, defendants Jennifer Michaud and Matthew Heslin were riding as passengers on an ATV on property owned by Frances Woods when an accident occurred. The ATV was owned by Frances Woods. Frances Woods' son, John Woods, was driving the ATV with his mother's permission at the time of the accident. Frances Woods and John Woods are insureds under a homeowner's policy issued by Concord General that was in effect on the date of the accident. Coverage for bodily injury under the policy is subject to several exclusions, including an exclusion for accidents "[a]rising out of . . . [t]he ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances." There is, however, an exclusion to this exclusion, providing that the policy *will* provide coverage for an accident that involves the use of "[a] motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and . . . owned by an 'insured' and on an 'insured location.' "

¶ 3. Frances Woods occasionally took the ATV off her property and onto public roads. Section 3502 of Title 23 requires that ATVs being operated by a private individual on public roads obtain registration. To comply with this statute, Woods registered her ATV with the Department of Motor Vehicles on November 3, 1998.

¶ 4. Michaud and Heslin both claimed to have sustained serious injuries in the ATV accident and filed personal injury actions against the Woods. Believing the accident to be covered under her homeowner's policy, Frances Woods notified Concord General. Concord General refused to provide coverage to Woods on the grounds that her ATV was subject to motor vehicle registration and therefore excluded under the terms of her homeowner's policy. On October 23, 2000, Concord General requested the Caledonia Superior Court to declare that the homeowner's policy issued to the Woods did not cover the accident, that Concord General had no duty to indemnify or defend the Woods under the homeowner's policy for claims or suits by Heslin or Michaud, and that Concord General had no duty to pay attorneys' fees incurred by Frances Woods in litigation of the declaratory judgment action. Concord General joined Michaud, Heslin, and RLI Insurance Co., which had issued an umbrella insurance policy to Frances Woods, as defendants. Concord General filed a motion for summary judgment. On November 20, 2001, the superior court denied this motion and declared that Concord General owed a duty of coverage, specifically considering and rejecting Concord General's argument that the Woods' ATV was subject to motor vehicle registration and therefore excluded from coverage. Concord General filed

a motion to reconsider on December 7, 2001. The court denied this motion on February 20, 2002. This appeal followed.

¶ 5. We review an appeal from a lower court's denial of summary judgment de novo. Summary judgment should be granted only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Bacon v. Lascelles*, 165 Vt. 214, 218, 678 A.2d 902, 905 (1996). We agree with the trial court that there is coverage in this case.

## A. The Language of the Policy

¶ 6. Concord General insists that coverage is barred unambiguously by Exclusion 1(f) of the Woods' homeowner's liability policy, which denies coverage to bodily injury "arising out of . . . the ownership, maintenance, [or] use . . . of motor vehicles or all other motorized land conveyances." If the policy had stopped at this point, Concord General would have support for its argument. Section 1(f) of the policy, however, contains several exclusions to the motor vehicle exclusion. In relevant part, the policy states that "[t]his [motor vehicle] exclusion does not apply to . . . [a] motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and . . . owned by an 'insured' and on an 'insured location.' "

¶ 7. Concord General argues that the Woods' ATV was subject to motor vehicle registration because 23 V.S.A. § 3502 requires registration of an ATV when it is used even occasionally on public roads, and the Woods' ATV was so registered. Frances Woods argues first that her ATV was not subject to motor vehicle registration but to registration as an ATV, which is a different kind of registration available under Vermont's motor vehicle registration statute. It is not necessary to decide the merits of this contention, however, because Woods also argues that the ATV was not subject to any kind of registration requirement since her ATV was being operated on her own property at the time of the accident. Thus, this second argument does not depend on what kind of registration Woods would have needed to operate her ATV *on public roads*. Regardless of whether the registration requirement would have barred coverage if the ATV was being used off Woods' property, she contends the ATV was *not* subject to registration, was owned by an "insured" and on an "insured location," and therefore covered by her policy.

¶ 8. On appeal, Concord General offers four reasons that registration of an ATV under 23 V.S.A. § 3502(a) is "motor vehicle registration" and that Woods' act of registering her ATV precluded coverage under the policy, none of which we find convincing. First, Concord General notes

that the statutory section covering registration of ATVs is located within Title 23, entitled "Motor Vehicles," and that § 3502(a) requires ATV registration with the commissioner of motor vehicles. The problem with this argument is that ATVs are specifically excluded from the statutory definition of motor vehicle. 23 V.S.A. § 4(21). Concord General makes much out of the fact that ATVs must be registered if they are driven on public roads. *Id.* § 3502. This is irrelevant to an accident that occurred on land owned by the insured. The registration requirement covering ATVs is separate from the registration requirements imposed upon other motor vehicles and is governed by a different statutory scheme that does not require any registration whatsoever when the ATV is driven on property owned by the operator. ATV registration is established pursuant to chapter 31 of Title 23. This chapter is labeled rather unambiguously "All-terrain Vehicles." The fact that the statutes governing ATV registration are separate from those governing motor vehicle registration, which are found in chapter 7, weighs heavily against Concord General's proposed interpretation of ATV registration as synonymous with motor vehicle registration.[2] For the reasons discussed in paragraph 10 below, moreover, we find that the question of what kind of registration the ATV was subject to when driven on public roads does not determine the outcome of this case.

¶ 9.   Concord General's second argument is based on the case *Northern Security Insurance Co. v. Rossitto*, 171 Vt. 580, 762 A.2d 861 (2000) (mem.). Concord General contends that according to this Court's holding in *Rossitto*, a case involving insurance provisions identical to the ones in the case today, we must look to 23 V.S.A. § 3502 in determining whether or not an ATV is subject to a registration requirement. We agree, but in *Rossitto* we concluded that ATVs being driven on the property of the insured are not subject to registration. 171 Vt. at 583, 762 A.2d at 864 ("[I]f the accident occurred on defendants' [property], the 'not subject to registration' component of the exemption would have been satisfied."). In *Rossitto*, the question this Court faced was whether defendant's property included land over which defendant held a right-of-way, so that when the ATV in question was driven on the right-of-way no registration was required. The main factual distinction between *Rossitto* and this case is

---

[2] Section 3501(5) of Title 23 was amended in 2001. A second sentence was added specifying that an ATV "on a highway shall be considered a motor vehicle, as defined in section 4 of this title." 23 V.S.A. § 3501(5). Applying this new language would probably dispose of Concord General's arguments, but as the trial court correctly noted, a change in the law cannot be applied to a suit that is already in progress. 1 V.S.A. § 213 ("Acts of the general assembly . . . shall not affect a suit begun or pending at the time of their passage.").

that in *Rossitto* the ATV in question had not been registered pursuant to § 3502 because the insured party did not ever use the ATV on public roads, whereas Frances Woods registered her ATV. By Concord General's own admission at oral argument, had Woods never registered her ATV or used it in a way that would require registration, Concord General would have been liable for coverage of Woods for the July 10, 1999 accident. Concord General attempts to distinguish *Rossitto* by claiming that the act of registration somehow altered Frances Woods' rights to insurance coverage.

¶ 10.  We find that *Rossitto*'s essential holding, which is that ATVs are not subject to a registration requirement when operated on land owned by the ATV-owner, *Rossitto*, 171 Vt. at 583, 762 A.2d at 864, controls and mandates coverage in this case. Where an ATV is being operated on private property owned by the insured and covered by a homeowner's policy with the same exclusions as the policy in this case, whether an ATV is registered for use on a public road or has in fact been driven on a public road is irrelevant to whether or not there is coverage, as long as the ATV is not being operated on a public road at the time of the accident for which coverage is sought.

¶ 11.  Concord General's third argument related to the phrasing of the policy is that reading "motor vehicle registration" to mean only registration of vehicles within 23 V.S.A. § 4(21) would render the language in the policy exclusion referring to motorized conveyances "not subject to motor vehicle registration" mere surplussage. Apparently Concord General denies the possibility that the words "not subject to motor vehicle registration" were employed by the drafters of the policy to exclude coverage for small race cars or motorcycles, which are subject to motor vehicle registration and yet could potentially be described as "motorized land conveyance[s] designed for recreational use off public roads." Another possible meaning of this phrase is that ATVs are excluded from coverage when they are being driven on public roads and therefore subject to a registration requirement, while being covered as long as they are operated in such a manner that no registration is required.

¶ 12.  Concord General's last argument concerning the phrasing of the policy is completely lacking in merit. Concord General contends that an ATV is a "motor vehicle" as that term is commonly understood regardless of the statutory definition of "motor vehicle." The statutory definition excludes ATVs unambiguously. 23 V.S.A. § 4(21). Given that the disputed phrase from the policy refers to "motor vehicle registration," and registration is clearly a statutorily-created process, Concord General's reliance on common usage is misplaced. Unless the phrase at issue is one

where a lay reader without legal training is likely to interpret the policy to provide more coverage than it would provide using a more "legalistic" definition, we see no reason to turn to a dictionary rather than a statutory definition in interpreting a policy drafted by an insurance company. In this case, using a dictionary definition, as Concord General proposes, would result in less coverage than using the statutory definition, a result that conflicts with our rule of resolving ambiguity in insurance contracts in favor of the insureds. *Garneau v. Curtis & Bedell, Inc.*, 158 Vt. 363, 367, 610 A.2d 132, 134 (1992).

## B. Reasonable Expectations of the Parties

¶ 13.  The second issue raised by Concord General on appeal, that Woods' reasonable expectation was that she was not covered, does not alter our holding that the policy provides coverage. Concord General alleges that in January 1999 Woods received an information sheet from her insurance agency that included an entry stating that "[l]iability for snowmobiles, ATV's and boats over 25 hp is covered only if specifically endorsed." According to Concord General, this mailing meant that Woods was aware there was "at the very least a question whether the ATV was covered for liability." Woods asserts, however, that she believed she was fully covered. "The reasonable expectations of the parties are important in considering the scope of coverage provided in insurance contracts because such contracts, largely adhesive in nature, often contain boilerplate terms that are not bargained for, not read, and not understood by the insureds." *State Farm Mut. Auto. Ins. Co. v. Roberts*, 166 Vt. 452, 461, 697 A.2d 667, 672 (1997). Woods read the policy to mean that an ATV accident occurring on her property would be covered. Whether or not receiving the mailing from an insurance agent, which occurred some time after she bought the policy and that did not purport to change the policy itself, should have changed her expectation is not relevant to the construction of this policy. Concord General cannot create the expectations of the parties by sending a mailing proposing its own tenuous and forced interpretation of what the language contained in the policy meant.

¶ 14.  Furthermore, coverage in this case was not beyond the reasonable expectation of the parties. Concord General's claim that the act of registering the ATV somehow adjusted the rights and responsibilities of the parties to this insurance policy suggests an implausible condition to the agreement between Woods and the company. Concord General admits that if the ATV had not been registered and used on public roads, Concord General would have had a clear obligation to provide coverage. Thus, in issuing the policy, Concord General accepted

the risk that it would be obligated to provide coverage for an ATV accident occurring on Woods' property. Now Concord General is arguing that by registering her ATV so that she could legally operate it on public roads Frances Woods somehow changed the nature of her contract with Concord General, so that the insurance company was no longer obligated to fulfill its bargained-for obligation to provide coverage to ATV accidents on her property.

## C. Attorneys' Fees

¶ 15. The final issue presented by this appeal is Woods' claim for attorneys' fees. Woods seeks an award of attorneys' fees and costs incurred in the declaratory judgment litigation. On March 12, 2002 Woods filed a "Motion for Attorney's Fees." The trial court granted the motion, finding that "[e]ffectively, [Concord General] always had a duty to defend, which it violated by denying coverage. Equity counsels that the Defendants recover for having to defend the rights they always possessed." Concord General appeals this judgment, arguing that the claim for attorneys' fees is barred on two grounds: (1) the motion for attorneys' fees was filed out of time per Rule 54(d)(2); and (2) attorneys' fees should not be awarded where there is no bad faith by the insurer and there is not other justification for departure from the American Rule. We agree with Concord General on both of these grounds, and reverse the trial court's order of attorneys' fees.

¶ 16. At the outset, we note that the attorneys' fee issue was initially raised by Concord General in its declaratory judgment complaint, wherein it asked for a declaration by the trial court that the Woods, as defendants, should not recover attorneys' fees. The Woods, in response to Concord General's motion for summary judgment, did not ask for attorneys' fees, but raised the issue after the issuance of the opinion on summary judgment.

¶ 17. Under Vermont's Rules of Civil Procedure, an award of attorneys' fees can be obtained through filing a Rule 54(d)(2)(A) motion. Counsel for the Woods maintains that since attorneys' fees were part of the original complaint filed by Concord General, the fourteen-day time limit following entry of judgment for filing a motion for attorneys' fees, established by Rule 54(d)(2)(B), should not apply. We understand the basis for this argument to be that the attorneys' fees were an element of damages to be proved at trial. The problem with this argument is that we can find no evidence that attorneys' fees were pled and proven as part of the Woods' case on summary judgment. The trial court's February 20, 2002 order denying Concord General's motion for reconsideration was a

final judgment resolving the dispute over whether Concord General owed a duty to defend and indemnify. Counting fourteen days from February 20, 2002, a Rule 54(d)(2) motion for attorneys' fees was due to be filed and served no later than March 6, 2002. The motion was not filed until March 12, 2002. Pursuant to this rule, the motion was filed out of time.

¶ 18. The motion for attorneys' fees must also be denied on its merits. Our standard for departing from the "American Rule" with regard to attorneys' fees, under which "parties must bear their own attorneys' fees absent a statutory or contractual exception," is demanding. *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 246, 776 A.2d 413, 419 (2001). The trial court found that "there was no bad faith in [Concord General's] denial of coverage." In the absence of a finding of bad faith on the part of the insurance company, or outrageous conduct creating the "dominating reasons of justice" we have held to be necessary to justify a departure from the American Rule, see *DJ Painting*, 172 Vt. at 246, 776 A.2d at 419-20 (internal quotations omitted), the Woods are not entitled to attorneys' fees incurred in defending against the declaratory judgment action. Thus, we reverse the trial court's order awarding attorneys' fees.

*Affirmed in part, reversed in part.*

