Bindrum v. American Home Assurance Company, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              PETER W. HALL,
              GERARD E. LYNCH,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

JEREMIAH BINDRUM,

        *Plaintiff-Appellant*,

        -v.-                                    11-961

AMERICAN HOME ASSURANCE COMPANY, INC.,
AMERICAN INTERNATIONAL GROUP, INC.,
AIG SPECIALTY CLAIMS SERVICES, INC.,
CHARTIS INSURANCE COMPANY,

        *Defendants-Appellees*,

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     Christopher J. McVeigh
                       McVeigh Skiff
                       Burlington, VT


**FOR APPELLEES:**     Mark F. Werle (John A. Serafino, <u>on the</u>
                       <u>brief</u>)
                       Ryan, Smith & Carbine, Ltd.
                       Rutland, VT




     Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, C.J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED.**

     Jeremiah Bindrum appeals the district court's judgment dismissing his complaint <u>sua sponte</u> for lack of subject matter jurisdiction.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     We review <u>de novo</u> a district court's <u>sua sponte</u> dismissal of a complaint for lack of subject matter jurisdiction.  <u>See</u> <u>Digitel, Inc. v. MCI Worldcom, Inc.</u>, 239 F.3d 187, 190 (2d Cir. 2001).  To invoke the diversity jurisdiction of the federal district courts, the amount in controversy must exceed $75,000 in value.  28 U.S.C. § 1332(a).  As the party seeking to invoke this court's diversity jurisdiction, plaintiff "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." <u>Tongkook Am., Inc. v. Shipton Sportswear Co.</u>, 14 F.3d 781, 784 (2d Cir. 1994) (internal quotation marks omitted). "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'"  <u>Scherer v. Equitable Life Assurance Soc'y of U.S.</u>, 347 F.3d 394, 397 (2d Cir. 2003) (quoting <u>Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.</u>, 166 F.3d 59, 63 (2d Cir. 1999)).  To overcome this presumption, the party challenging jurisdiction must demonstrate "'to a

2

legal certainty' that the amount recoverable does not meet the jurisdictional threshold."  Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

**[1]**  Plaintiff argues that the defendants delayed submitting their Medicare Set-Aside ("MSA") proposal to the Centers for Medicare and Medicaid Services ("CMS") as required under the terms of the agreement between plaintiff and the defendants settling plaintiff's workers' compensation claims.  As a result of such delay, plaintiff contends, he was forced to draw monthly advances on the $225,000 settlement amount and use the funds to finance medical expenses that would otherwise have been reimbursable by Medicare.  But, as the district court concluded, the maximum amount of damages which plaintiff could have suffered as a result of the defendants' failure to timely submit their MSA proposal is $49,000, which represents the aggregate amount of advances taken by plaintiff.  See Bindrum v. Am. Home Assurance Co., No. 5:10-CV-116, 2011 WL 474408, at *4 (D. Vt. Feb. 4, 2011).  This is $26,000 shy of the jurisdictional threshold.

**[2]**  Plaintiff next argues that the defendants underestimated his expected medical costs and undervalued the MSA in their initial proposal to CMS.  But plaintiff's claim that the defendants did not adequately fund the MSA cannot possibly lead to recovery.  Under the settlement agreement, the defendants were only obligated to fund the MSA up to the amount required for CMS approval, which is precisely what they did.  Although CMS rejected the defendants' initial MSA estimate as inadequate, it then conducted its own independent analysis and determined the appropriate set-aside amount.  Therefore, the amount which the defendants ultimately funded was the amount required by CMS, rather than defendants' initial estimate.  This is all that the settlement agreement required.  In addition, because (1) the MSA funds are applied only to medical expenses that would otherwise be reimbursable by Medicare, (2) Medicare will cover any additional reimbursable expenses once the MSA fund has been exhausted, and (3) any excess amounts in the MSA account are remitted to the defendants under the settlement agreement, the amount of the set-aside has no bearing on plaintiff's ability to obtain reimbursement for his work-injury-related medical expenses.

3

Any inadequacy in the set-aside would therefore harm only Medicare, not plaintiff. As such, plaintiff cannot establish that he was damaged by any alleged undervaluation of the MSA. See Smith v. Country Vill. Int'l, Inc., 944 A.2d 240, 243 (Vt. 2007) ("To prove breach of contract, plaintiff must show damages.").

[3] Plaintiff argues that the district court erred by not incorporating the possibility of a punitive damages award into its amount in controversy calculations. Potentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law. A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991). However, claims for punitive damages merit "closer scrutiny" when calculating the amount in controversy. Zahn v. Int'l Paper Co., 469 F.2d 1033, 1034 n.1 (2d Cir. 1972). Under Vermont law, punitive damages may only be awarded against a corporation if the plaintiff establishes "actual malice" and if the challenged act is an act "of the governing officers of the corporation or one lawfully exercising their authority, or, if the act relied upon is that of a servant or agent of the corporation, it must be clearly shown that the governing officers either directed the act, participated in it, or subsequently ratified it." Shortle v. Cent. Vt. Pub. Serv. Corp., 399 A.2d 517, 518 (Vt. 1979). Because the complaint contains no allegation of such involvement by any officers of the defendant insurance companies, the punitive damages claim cannot survive the "closer scrutiny" to which we subject it, and does not merit inclusion in the amount in controversy calculation.

[4] The complaint also seeks attorney's fees. The district court held that attorney's fees could not be considered as part of the amount in controversy, and plaintiff has not contested this holding. See, e.g., Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal"). Moreover, Vermont follows the American Rule that "parties must bear their own attorneys' fees absent a statutory or contractual exception," and the standard for departing from that rule is "demanding." Concord Gen. Mut. Ins. Co. v. Woods, 824 A.2d 572, 579 (Vt.

4

2003) (internal quotation marks omitted).  Plaintiff has not presented any argument to suggest that he would be entitled to attorney's fees as a matter of right, and therefore we do not consider them in determining whether the jurisdictional threshold has been met.  <u>See</u> <u>In re Ciprofloxacin Hydrochloride Antitrust Litig.</u>, 166 F. Supp. 2d 740, 755 (E.D.N.Y. 2001); <u>see also</u> <u>Givens v. W.T. Grant Co.</u>, 457 F.2d 612, 614 (2d Cir.), <u>vacated on other grounds</u>, 409 U.S. 56 (1972).

We have considered plaintiff's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK