Hall et. al. v. Denio et. al., No. 197-6-11 Bncv (Wesley, J. Apr. 30, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Bennington Unit | Docket No. 197-6-11 Bncv |

---

## Hall et al vs. Denio et al

## ENTRY REGARDING MOTION

Count 1, Declaratory Judgment (197-6-11 Bncv)
Count 2, Declaratory Judgment (197-6-11 Bncv)
Count 3, Property Dispute/Damages (197-6-11 Bncv)
Count 4, Property Dispute/Damages (197-6-11 Bncv)
Count 5, Property Dispute/Damages (197-6-11 Bncv)
Count 6, Property Dispute/Damages (197-6-11 Bncv)

Title:         Motion TO SECURE COSTS AND ATTORNEYS FEES (Motion 12)
Filer:         Christopher E. Denio
Attorney:    self-represented
Filed Date:  February 27, 2014

Response filed on 03/20/2014 by Attorney Jason P. Morrissey for Plaintiff Mary H. Maguire
Response filed on 04/02/2014 by Attorney Jason P. Morrissey for Plaintiff Mary H. Maguire
Response filed on 04/14/2014 by Attorney Frank (Fritz) Langrock for Defendant Christopher E. Denio

**The motion is DENIED.**
### Decision and Order on Motion for Court Costs and Fees

Defendant seeks attorney's fees and costs for successfully defending this action. The underlying suit concerned a prescriptive easement. On May 21, 2013, after a bench trial, Judge Carroll found for Defendant. Judge Carroll determined there was no prescriptive easement because the use was not continuous before 1990. Judge Carroll determined Defendant gave Plaintiff implied permission to use the land after 1990. On January 23, 2014, a three-justice panel of the Vermont Supreme Court affirmed. *See* No. 2013-276. The Court found evidence to support Judge Carroll's decision of lack of continuous use and then implied permission.

On February 27, 2014, Defendant, now self-represented, requested attorney's fees and costs under V.R.C.P. 54 and V.R.A.P. 39. He requested $17,143.85 in fees and costs for the trial and $4,468.75 for fees and costs for the appeal. He attached billing statements from his former attorney. On March 20, 2014, Plaintiffs opposed the motion and argued Defendant failed to delineate what he claimed in costs versus attorney's fees and also failed to state why the Court should deviate from the American rule. On April 2, 2014, Plaintiffs filed a supplemental brief that argued the requests were untimely. On April 14, 2014, Defendant filed a supplemental

brief that broke down his fees and costs by event but still did not specify what he sought in court costs versus attorney's fees.

Under V.R.C.P. 54(d), the prevailing party may seek costs and attorney's fees. "Costs other than attorneys' fees shall be allowed as of course to the prevailing party…" V.R.C.P. 54(d)(1). The party may also make a motion for attorney's fees. V.R.C.P. 54(d)(2)(A). A motion for attorney's fees must be filed within fourteen days of judgment. V.R.C.P. 54(d)(2)(B).

The appellate rules provide a similar framework. Under V.R.A.P. 39(a)(2), if a judgment is affirmed, then the costs are taxed against the appellant. The prevailing party may also seek attorney's fees for the appeal by filing a motion in the Superior Court within fourteen days of the mandate from the Supreme Court. V.R.A.P. 39(f).

The Court denies the motions for costs and attorney's fees because they are untimely. The Vermont Supreme Court held the consequence for an untimely request for attorney's fees is a denial. *See Concord Gen. Mut. Ins. Co. v. Woods*, 2003 VT 33, ¶ 17, 175 Vt. 212. Judge Carroll issued her order for Defendant on May 21, 2013 and the Court issued judgment to Defendant on May 28, 2013. Defendant did not file his motion for costs and attorney's fees until February 27, 2014. Defendant filed the motion eight months after the judgment, and the deadline is fourteen days. *See* V.R.C.P. 54(d)(2)(B). The motions for costs and attorney's fees from the appeal are also untimely. The Supreme Court issued its decision on January 23, 2014, but Defendant did not file his motion until one month later. *See* V.R.A.P. 39(f). The Court therefore denies both motions as untimely. *See* V.R.A.P. 39(f); V.R.C.P. 54(d)(2)(B); *Woods*, 2003 VT 33, ¶ 17.

Had Defendant filed timely requests, the Court would have denied the motion for two reasons. First, Defendant failed to enumerate his costs and the Court cannot determine the amount of court costs to which Defendant might have been entitled. *See Lamoille Valley Prop. Owner's Ass'n v. Fuss*, No. 2005-362, 2006 WL 5866262, *3. (Vt. Mar. 2006). More importantly, Defendant has not demonstrated he is entitled to attorney's fees. Vermont follows the American Rule, which generally requires parties to bear their own attorney's fees. *Southwick v. Rutland*, 2011 VT 105, ¶ 6, 190 Vt. 324. The Court may award attorney's fees for bad faith or outrageous conduct. *See Woods*, 2003 VT 33, ¶ 18. In *Fuss*, the Vermont Supreme Court affirmed a trial court's refusal to award attorney's fees in an easement dispute because there was no bad faith. *Id.* at *3. Similarly, in this case, there is no sufficient articulation of bad faith or outrageous conduct, thus no basis for an award of attorney's fees as a matter of law. *See Woods*, 2003 VT 33, ¶ 18. Thus, even if the Court considered Defendant's untimely motion, it would deny it as being without basis in fact or law.

So ordered.

Electronically signed on April 30, 2014 at 02:57 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Jason P. Morrissey (ERN 4683), Attorney for Plaintiff Joseph H. Hall
Jason P. Morrissey (ERN 4683), Attorney for Plaintiff Mary I. Hall
Jason P. Morrissey (ERN 4683), Attorney for Plaintiff Scott Maguire
Jason P. Morrissey (ERN 4683), Attorney for Plaintiff Mary H. Maguire
Frank (Fritz) Langrock (ERN 1683), Attorney for Defendant Christopher E. Denio