2011 VT 105

# David and Susan Southwick, Individually and as Natural Guardians of Addie Southwick v. City of Rutland v. Vermont Swim Association

[30 A.3d 1298]

No. 10-372

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed September 9, 2011

*Colin K. McNeil* of *McNeil, Leddy & Sheahan, P.C.,* Burlington, for Third-Party Plaintiff-Appellee.

*John D. Willey, Jr.* of *Boylan Associates, P.C.,* Springfield, for Third-Party Defendant-Appellant.

¶ 1. **Skoglund, J.** This appeal stems from a written agreement between the City of Rutland and the Vermont Swim Association (VSA) granting VSA the right to host its annual swim meet at a facility in a city park. VSA appeals the trial court's award of attorney's fees to the City. Because the plain language of the parties' contract does not require VSA to pay attorney's fees incurred by the City in pursuing either indemnity from VSA or other third-party actions, we reverse and remand.

¶ 2. VSA is a not-for-profit organization that hosts an annual summer swim meet. On August 4, 2005, the City and VSA executed an agreement granting VSA the use of a city park and pool facility for their meet (Agreement). While attending the meet, a child was injured when she fell from a piece of playground equipment in the park. Her parents, the Southwicks, filed a negligence suit against the City (the Southwick action) seeking damages for their daughter's injury. The City sought defense and indemnification from VSA, which was denied. The City then brought a third-party complaint against VSA, alleging that VSA was obligated to defend and indemnify the City pursuant to the Agreement. The City also claimed that VSA breached its obligation under the Agreement to procure insurance naming the City as an additional insured. The City filed third-party actions against Nautilus Insurance Company for failure to defend and indemnify, and against Paige & Campbell, Inc. (P&C) for failing to procure the correct insurance for VSA and the City per the Agreement. Prior to trial, the City settled the Southwicks' claims, reserving the right to pursue reimbursement from VSA for the settlement, plus costs of defense and attorney's fees. The trial court entered

judgment for the City against VSA in the amount of $700,000 based on the Agreement's indemnity clause which reads:

> 6. *Indemnification and Hold Harmless*: [VSA] hereby agrees to defend, indemnify and hold harmless Rutland, . . . its officers, trustees, agents and employees from all claims for bodily injury or property damage arising from or out of the presence of [VSA], including its employees, agents, representatives, guests and others present because of the event or [VSA's] activities in or about Whites Park, including the entrances, lobbies and exits thereof, the sidewalks, streets and approaches adjoining the campus or any portion of the campus used by [VSA] or any of the above stated. [VSA] shall be responsible for all costs of defense, including reasonable attorney's fees, and shall pay all fines or recoveries against Rutland.

On appeal, VSA argued that the indemnity clause did not apply to claims based on the City's own negligence. We upheld the trial court's award. *Southwick v. City of Rutland*, 2011 VT 53, 190 Vt. 106, 35 A.3d 113.

¶ 3. On March 9, 2010, the City filed a motion for attorney's fees covering all legal expenses associated with its defense in the Southwick action, as well as expenses incurred through the litigation of the third-party actions. The trial court entered judgment in favor of the City, awarding the entirety of its requested attorney's fees and expenses totaling over $166,000. The court based the award on its finding that "the [Southwicks'] claims and those of the City [for indemnity] are based on a common core of facts," and that "the indemnification provision in the [Agreement] is all-encompassing." VSA appeals.

¶ 4. VSA argues that the trial court erroneously granted the City's motion for attorney's fees and expenses because: (1) the Agreement does not require VSA to pay attorney's fees for indemnity and third-party claims, and (2) the evidence offered by the City is insufficient to support its claim for attorney's fees and expenses.[*] We review a trial court's ruling on the amount of

---

[*] VSA also argues, based on its appeal in *Southwick v. City of Rutland*, that because the Agreement did not provide for indemnity for injuries and property damage caused by the City's negligence, it cannot provide for attorney's fees

attorney's fees awarded for abuse of discretion. *Elec. Man, Inc. v. Charos*, 2006 VT 16, ¶ 6, 179 Vt. 351, 895 A.2d 193; *Human Rights Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 251, 668 A.2d 659, 669 (1995). A decision of a trial court granting attorney's fees as a matter of law is reviewed de novo on appeal. *Will v. Mill Condo. Owners' Ass'n*, 2006 VT 36, ¶ 5, 179 Vt. 500, 898 A.2d 1264 (citing *Concord Gen. Mut. Ins. Co. v. Madore*, 2005 VT 70, ¶ 8, 178 Vt. 281, 882 A.2d 1152). Here, the issue is whether the City is entitled to its attorney's fees under the terms of the Agreement and, if so, the extent of those fees. These issues are determined as a matter of law and thus are reviewed de novo. We agree that the court's award cannot be sustained, and we reverse and remand for further proceedings consistent with this opinion.

■■ ¶ 5. When addressing a question of attorney's fees, Vermont adheres to what is called the American Rule: parties must "bear their own attorneys' [sic] fees absent a statutory or contractual exception." *DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 246, 776 A.2d 413, 419 (2001). Here, the parties' Agreement provides a contractual basis for the award of attorney's fees in certain situations. This case turns on whether third-party actions fall within the ambit of Clause 6 of the Agreement. Our goal when interpreting contractual provisions is to give effect to the intent of the parties as it is expressed in their writing. *Hamelin v. Simpson Paper (Vt.) Co.*, 167 Vt. 17, 19, 702 A.2d 86, 88 (1997). When the plain language of the writing is unambiguous, we take the words to represent the parties' intent, *id.*, and the plain meaning of the language governs our interpretation of the contract. *In re West*, 165 Vt. 445, 450, 685 A.2d 1099, 1103 (1996).

■ ¶ 6. The plain language of the Agreement makes VSA responsible "for all costs of defense, including reasonable attorney's fees" incurred by the City in defending a suit arising out of VSA's use of the park. When a contract provides for payment of attorney's fees, a court may depart from the American Rule only to the extent that the contract provides. *Mt. Everest Ski Shops, Inc. v. Nordica USA, Inc.*, 736 F. Supp. 523, 527 (D. Vt. 1989). None of the City's third-party actions fall within the parameters of the language of the Agreement. In this instance, "defense"

---

arising out of such negligence. 2011 VT 53, ¶ 6. Given our contrary decision in that case, this argument is moot, and we need not discuss it further. *Id.* ¶ 15.

refers exclusively to costs expended responding to and settling the Southwick action. The scope of the already-narrow term "defense" is reduced even further by another phrase in Clause 6, which plainly states that VSA agrees to defend the City "from all claims for bodily injury or property damage." The costs contemplated in the Agreement do not include the City's claim to enforce the indemnity clause against VSA, or its claims against P&C and Nautilus. Contrary to the trial court's conclusion, the indemnification clause is not all encompassing: it limits VSA's obligation to those costs associated with the City's defense against claims for bodily injury or property damage. Therefore, there is no contractual basis for departing from the American Rule and awarding attorney's fees for time expended on work other than for defense in the Southwick action. See *Windsor Sch. Dist. v. State*, 2008 VT 27, ¶ 28, 183 Vt. 452, 956 A.2d 528 ("[A]n insured is not entitled to recover attorney's fees incurred in a declaratory-relief action to establish the insurer's duty to defend or indemnify."); see also *Concord Gen. Mut. Ins. Co. v. Woods*, 2003 VT 33, ¶ 18, 175 Vt. 212, 824 A.2d 572 (denying insured attorney's fees incurred in defense of insurer's declaratory action).

¶ 7. The trial court based its award of attorney's fees on its finding that all of the claims were "based on a common core of facts," and that "[t]he indemnification provision in the [Agreement] is all-encompassing." As explained above, the indemnification provision does not encompass third-party actions. Nor do we agree that all claims were based on "a common core of facts." In *L'Esperance v. Benware*, we affirmed a trial court's conclusion that the plaintiffs' lawsuit was not one "which can be viewed as a series of discrete claims so that the hours expended can be divided on a claim-by-claim basis." 2003 VT 43, ¶ 24, 175 Vt. 292, 830 A.2d 675. In *L'Esperance*, tenants brought claims for negligence, wrongful withholding of their security deposit, and for violation of the Consumer Fraud Act against their landlord based on serious deficiencies with the property. The tenants prevailed before a jury. They then sought and were awarded attorney's fees under the Vermont Consumer Fraud Act. On appeal the landlord argued that the tenants were entitled to recover attorney's fees only for work on the consumer fraud claim and not on the negligence and security deposit claims. Despite the fact that only the consumer fraud claim was statutorily exempted from the American Rule, we affirmed the award, accepting the court's

conclusion that all claims derived from a common core of facts. *Id.* ¶¶ 24-28. See also *Elec. Man, Inc.*, 2006 VT 16, ¶ 10 (holding that apportionment of fee award was abuse of discretion because claims shared common core of facts). Such is not the circumstance now before the court.

¶ 8. While the Southwicks' action and the City's third-party claims might have been set in motion by the same event, they are not based on a common core of facts. The Southwicks' claim was for negligence, the adjudication of which required facts regarding the design, construction, and maintenance of the playground equipment. The third-party claims hinged on the language of the Agreement itself and its reasonable interpretation. The Southwick action and the third-party action filed by the City are distinct, and the hours expended on each should be easily divisible.

¶ 9. The City correctly asserts that courts may use their equitable powers to award attorney's fees "in exceptional cases and for dominating reasons of justice." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939). The City argues that but for VSA's failure to honor the Agreement's terms it would not have been necessary for the City to incur legal fees and expenses to protect its interests. It relies for this proposition on this Court's decision in *In re Gadhue*, where we upheld an award of attorney's fees on the basis of bad faith. 149 Vt. 322, 328-29, 544 A.2d 1151, 1154-55 (1987). In *Gadhue*, a litigant was compelled to appear twice before this Court "in order to obtain relief which should have been forthcoming after the first appearance." *Id.* at 328, 544 A.2d at 1154. The situation in *Gadhue* is not present in this case. Indemnification against the City's own negligence is a contractual right over which there was reasonable disagreement. Indemnification by VSA was not a defined and established right within the meaning of *Gadhue*. Thus, VSA's refusal to indemnify does not rise to the level of bad-faith conduct, which is the intended target of this exception. Taken to its logical end-point, the City's argument would result in the awarding of attorney's fees to whichever party prevailed in a legitimate action involving contract interpretation and enforcement. We could not adopt such a position without effectively abandoning the American Rule. There is no equitable basis for awarding the City attorney's fees related to its third-party actions.

¶ 10. VSA argues that the evidence presented by the City to support its claim for attorney's fees is insufficient. Specifically,

VSA argues that there is inadequate description in the City's billing records to distinguish attorney's fees and expenses related to its defense against the Southwick action from those related to its indemnity and third-party actions. In defending the sufficiency of its records, the City cites *Perez v. Travelers Insurance ex rel. Ames Department Stores, Inc.*, in which we stated that "time entries must be accurate and allow the court to assess whether the work performed was related to the litigation at issue, but they need not reach the level of detail and justification required in federal bankruptcy proceedings." 2006 VT 123, ¶ 13, 181 Vt. 45, 915 A.2d 750. There has been no determination that the City has met this requirement. In response to concern regarding the lack of detail and specificity in its records, the City submitted revised records which may, upon remand, ultimately help differentiate expenses incurred in defense of the Southwicks' action from those incurred as a result of the third-party actions.

*Reversed and remanded.*