Eloan, Inc. v. Desforges et. al., No. 507-12-11 Bncv (Wesley, J. Mar. 24, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Bennington Unit**                                             **Docket No. 507-12-11 Bncv**

| | |
|---|---|
| **Eloan, Inc. for Eloan Equity One, Inc., Plaintiff.** <br><br> **v.** <br><br> **Dominique Desforges and Linda Frees, Defendants.** | |

### Opinion and Order
### Granting Defendant's Renewed Motion for Attorney's Fees

By complaint filed Dec. 30, 2011, Plaintiff sued Defendants for foreclosure of real property, enforcement of a promissory note, and a deficiency judgment. Plaintiff alleged Defendants had executed a promissory note and mortgage in favor of Plaintiffs in exchange for a loan of $564,375.00. On July 9, 2013, Plaintiff moved for summary judgment. Defendants opposed the motion for summary judgment on October 10, 2013. In their opposition, Defendants argued there were material disputed facts about whether Plaintiff had the right to enforce the mortgage and promissory note.

On November 19, 2013, the Court held a hearing on the motion for summary judgment. At the hearing, Defendants offered to provide Plaintiff with a deed in lieu of foreclosure or to agree to a strict foreclosure with a one day redemption period. On November 20, 2013, consistently with its oral notice that it would defer ruling on the motion for summary judgment to allow the parties to explore the possibility of an expedited resolution to the case, the Court issued an order requiring the parties to notify the Court by December 1, 2013 if the case was resolved. Neither party complied.[1]

On December 16, 2013, Defendants filed a motion to dismiss. By their motion, Defendants challenged Plaintiff's standing, arguing the Court lacked subject matter jurisdiction because Plaintiff could not prove it was entitled to enforce the promissory note and mortgage.[2]

---

[1] By its motion to dismiss, however, Defendants represent that they communicated on more than six occasions with Richard Volpe, Esq., Plaintiff's attorney between Nov. 20 and Dec. 6. Although Atty. Volpe indicated that he had conveyed Defendants' offer of expedited resolution to Plaintiff, he never communicated any response from his client. Before filing the instant motion to dismiss and for attorneys' fees, counsel for Defendants, Jennifer Deck Samuelson, Esq., notified Plaintiff's counsel of her intention to pursue that avenue of relief in the absence of any response to her offer of settlement. There was no response.

[2] While unrepresented by counsel, Defendants had previously filed a motion to dismiss on June 17, 2013. Although alleging multiple acts of bad faith on the part of Plaintiff, and referencing a prior foreclosure action that was dismissed, Doc. 430-11-08 Bncv, the earlier motion did not squarely challenge Plaintiff's standing. By entry issued on Aug. 26, 2013 by Judge Carroll, the Court concluded that the request for sanctions would require an evidentiary hearing. At the time the Court deferred ruling on Plaintiff's motion for summary judgment, Defendants' earlier motion to dismiss was still pending.

Defendants maintained that an affidavit of lost note from 2008 was inconsistent with Plaintiff's allegation that it had been assigned the note in 2010. Although Plaintiff subsequently submitted its own affidavit of lost note in 2011, Defendants contended that such filing was inadequate to establish standing given the ambiguities surrounding prior assignments and without any personal knowledge on the part of Plaintiff as to the whereabouts of the original note and mortgage. In connection with its motion to dismiss, Defendant also requested attorney's fees.

On December 23, 2013, the parties filed a joint motion to extend the time for responding to the Court's Nov. 20 entry. No explanation for the delay in filing was provided, although the motion had been signed on Dec. 2nd, and sought an extension for response until Dec. 9th, a date long passed before the relief sought was presented to the Court with no further response to the Nov. 20 entry having been made. On January 7, 2014, the Court nevertheless granted the motion, noting it would stay consideration of all pending motions until February 1, 2014. The Court further noted that as of January 7, 2014, Plaintiff had not responded to Defendants' December 16, 2013 motion to dismiss. The Court indicated it would grant that motion to dismiss if Plaintiff did not respond by February 1, 2014. As Plaintiff failed to make any further representations to the Court, either in response to Defendants' proposal of settlement, or in opposition to their subsequent motion to dismiss for lack of standing, the Court summarily granted Defendant's motion to dismiss on February 11, 2014. The Court did not address Defendants' request for attorney's fees.

On February 25, 2014, Defendants field a renewed motion for attorney's fees. Defendants repeated their arguments as to Plaintiff's lack of standing. In further support of their claim for fees, Defendants emphasized Plaintiff's repeated requests for extensions of time, it's failures to respond to Defendants' or the Court's requests, and its apparent acquiescence in Defendants' challenge to standing as represented by the absence of any opposition despite the Court's grant of extended time to file one. Thus, Plaintiff maintains there is ample reason for the Court to depart from the American Rule because Plaintiff was unreasonably obstinate, sought needless delays, and finally was unable to establish that it ever had a right to file the suit for foreclosure. Defendants request attorney's fees for 83.3 hours of time at $175 per hour. Defendants also requests costs of $1,933.00 from Norman Cohen for attending a hearing on behalf of Plaintiff's regular counsel. Plaintiff has not responded to Defendants' motion.[3]

Under V.R.C.P. 54(d)(2), the Court may allow attorney's fees where permitted by substantive law. Vermont adheres to the American Rule, which normally requires parties to bear their own attorney's fees. *Southwick v. Rutland*, 2011 VT 105, ¶ 5, 190 Vt. 324. An equitable exception exists under the American Rule that allows the Court to grant attorney's fees where a party is unreasonably obstinate. *See In re Gadhue*, 149 Vt. 322, 327–28 (1987) (quoting *Harkeem v. Adams*, 377 A.2d 617, 619 (N.H. 1977)). As argued by Defendant, particularly

---

[3] After this order was signed, but before it was issued, the Court learned that Plaintiff had filed a belated response to Defendants' renewed motion for attorney's fees. The response was filed on March 17, 2014, five days beyond the time allowed for response under V.R.C.P. 78. Because by then the Court had Defendants' motion under advisement, the response did not come to the Court's attention until this ruling had been prepared. Nonetheless, after review of Plaintiff's opposition, the Court concludes that Plaintiff has raised no significant issue with the analysis set out in the opinion. While it attempts to argue otherwise, Plaintiff's resort to a second "lost note affidavit" is revealed by Defendants' motion as a transparent sleight-of-hand that should have been recognized at the outset as wholly inadequate to support standing.

indicative of bad faith is evidence that Plaintiff never had standing to sue, since to bring an action for foreclosure, and for the court to have subject matter jurisdiction, the plaintiff must be able to show a right to enforce a note. *See U.S. Bank Nat'l Ass'n v. Kimball*, 2011 VT 81, ¶¶ 12–15, 190 Vt. 210; see, also. V.R.C.P.80.1(g)(2)(eff. Dec. 21, 2010).

In this case, the Court determines attorney's fees are appropriate. After having a hearing on the motions for summary judgment and issuing a Court order indicating Plaintiff did not respond to Defendants' motion to dismiss, this Court granted the December 16, 2013 motion to dismiss.  Plaintiff never responded to Defendants' requests or motions, or the Court's orders after the November 19, 2013 hearing. The Court must therefore conclude by its silence that Plaintiff determined it lacked the right to enforce the note that was the basis for the underlying foreclosure action. *See id*. That is, the facts Plaintiff alleged in its complaint about the right to enforce were either false or insufficient as a matter of law, as was the certification of Plaintiff's counsel required by Rule 80.1(g)(2).

Moreover, as Defendants emphasize, Plaintiff have requested several extensions of this case ostensibly to establish support for its request for judgment. For example, on September 4, 2012, Plaintiff requested 120 days of additional time to obtain the necessary documents to prosecute its case. On September 18, 2012, the Court granted Plaintiff an additional 60 days. On November 13, 2012, Plaintiff requested additional time and on November 21, 2012, the Court granted Defendant an additional 90 days. Again on February 25, 2013, Defendant requested additional time. As the party invoking the Court's authority claiming a right to relief, Plaintiff should have had the documents necessary to proof its standing at the commencement of the case. Despite the Court liberal allowance in response to its multiple motions to enlarge time, Plaintiff was unable to produce proof that it had the right to enforce the note at issue in this case. *See id.*

In the face of this procedural record, it is particularly telling that Plaintiff did not respond to Defendants' Dec. 16 motion to dismiss and request for attorney's fees, or its renewed motion.[4] Based on Defendants' pleadings, the procedural history of this case, and the analysis set forth above, Plaintiff never had the right to bring this case and then refused to cooperate with Defendants when they sought information or accommodation. Under these circumstances, Defendant's actions must be seen as unreasonably obstinate, and taken in bad faith while causing Defendants to incur needless attorney's fees. *See Gadhue*, 149 Vt. at 327–28. Accordingly, the Court will grant Defendants' renewed motions for attorney's fees.

Despite its allowance of fees, the Court is unable on the current foundation to grant Defendants' proposal for fees for 83.3 hours of representation, although the Court acknowledges that $175 per hour is a reasonable rate for an attorney to charge for representation in this type of proceeding. Counsel's affidavit of fees does not include sufficient detail showing the dates and hours associated with particular aspects of representation. Defendants shall submit such supplemental support within 10 days of this entry, following which Plaintiff shall file any further opposition to such accounting within 10 days.

Defendants' requests for fees in an additional amount of $1,933 for substitute representation by Attorney Norman Cohen, Esq. at  a single hearing is only approved in part, the

---

[4] But see n.3, above, acknowledging the untimely opposition filed after this ruling had been drafted and signed.

Court concluding that both the amount of time and the amount charged are excessive in light of the nature of the hearing and the issues presented. The Court allows a total of 3 hours of representation at $175 per hour, together with $58 in travel costs, for an additional $583, in addition to any amount that may be approved following Defendants' supplemental showing.

## **Order**

The Court **GRANTS** Defendants' renewed motion for attorney's fees. Defendants shall supplement their support for the requested fees within 10 days of this entry, following which Plaintiff may file any further opposition within 10 days.

Dated and signed electronically at Bennington, Vermont on March 24, 2014.

John P. Wesley
Superior Court Judge