*Nationstar Mortg. v. Thomson*, No. 326-8-11 Bncv (Wesley, J., Aug. 11, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                                       CIVIL DIVISION
Bennington Unit                                              Docket No. 326-8-11 Bncv

Nationstar Mortgage vs. Thomson et al

## ENTRY REGARDING MOTION

Title:           Motion Amended Motion to Vacate Default J.O. (Motion 12)
Filer:           Peter Thomson
Attorney:        Christopher M. Rundle
Filed Date:      July 7, 2014

Response filed on 07/28/2014 by Attorney David Edwards for Plaintiff Nationstar Mortgage
        Memo in Oppo.
Response filed on 07/28/2014 by Attorney Christopher M. Rundle for Defendant Karen O'Neill-Thomson

### Opinion & Order
### Granting Defendants' Amended Motion to Vacate

### Background

On August 31, 2011, Plaintiff sued Defendants to foreclose on property in Landgrove, Vermont. Plaintiff filed a motion for alternative service on January 13, 2012. Plaintiff indicated the sheriff unsuccessfully attempted to serve Defendants at the property. The sheriff heard from a neighbor that Defendants worked in the Boston area. Plaintiff stated: "After an exhaustive search, an alternate address for service cannot be found." The Court granted Plaintiff's motion on January 26, 2012. On May 15, 2012, after no further indication that service had been made, the Court notified Plaintiff that Plaintiff had thirty days to show proof of proper service or face dismissal. On July 16, 2012, Plaintiff filed an affidavit of service by publication. The affidavit contained copies of the publication notice from the Manchester Journal. The publication resembled a summons but was not a court order. Plaintiff did not mail a copy of the notice to Defendants' address at the property.

After Plaintiff had been granted an enlargement of time to seek default judgment,  but then failed to file a motion for default prior to the extended deadline, the Court dismissed this case on January 23, 2013.  Upon Plaintiff's motion for relief from dismissal, the Court vacated its dismissal on February 25, 2013. The Court then granted Plaintiff's motion, and issued a default judgment on July 2, 2013. The Court issued a judgment of foreclosure by judicial sale on September 17, 2013. After receiving an emergency motion to stay, the Court stayed a sale of

the property on May 19, 2014. Defendants moved to vacate the default and filed an amended motion to vacate on July 7, 2014.

According to the amended motion to vacate, Defendants did not receive proper service, because Plaintiffs had developed, or should have developed, information concerning Defendants whereabouts that made it improper for continued reliance on the order for service by publication. Defendant M. Peter Thomson owns New England County Foods, which has offices in Manchester, VT and Cambridge, MA. Peter Thomson's contact information is available on New England County Food's website, through its Facebook page, and on Amazon.com. Furthermore, Attorney William Dakin contacted Plaintiff on behalf of Defendants during the early stages of this proceeding, after the motion for service by publication had been granted but before Plaintiff's attempt at publication. Defendants maintain they did not defend against this claim because they believed the Court had dismissed the case. Defendants formed this belief after Defendants consulted with Plaintiff through counsel in an attempt to work out the foreclosure dispute, which was ultimately unsuccessful. Through the resulting negotiations, Defendants received different information about the amount of money they owed to Plaintiff. During this period, a paralegal at the office of Attorney Dakin contacted the Court which resulted in the mistaken belief that the Court dismissed this case on May 12, 2012. Defendants now argue that they have a meritorious defense because Plaintiffs did not provide them with information regarding the amount due and the acceleration of their debt. Further, Defendants urge that equity requires that, at minimum, the six month period of redemption must be restored.

The Court held a hearing on the motion to vacate on July 10, 2014. Attorney David Edwards represented Plaintiff and Attorney Christopher Rundle represented Defendants. At the hearing, Attorney Edwards conceded another attorney at his firm, Amber Doucette, never mailed a copy of the order for publication to Defendants at their last known address, as required by V.R.C.P. 4(g)(2). Attorney Christopher Rundle further argued that service by publication became improper once Plaintiff had been in talks with Defendants through Attorney Dakin to attempt to work out the issues raised by the foreclosure complaint, and after Plaintiff had previously represented to the Court that Plaintiff could not find Defendants. The Court questioned why neither Attorney Edwards nor Attorney Doucette informed the Court that Plaintiff had developed additional information about Defendants, including the fact of their legal representation, while still purporting to rely on the prior representations made in support of the motion for service by publication as to Plaintiff's inability to locate Defendants for sheriff's service. Attorney Edwards argued that providing the Court with such additional information would have violated his duty to zealously advocate for his client. Furthermore, he argued that Defendants should be entitled to no relief because they knew of the proceedings and should not be excused from having filed a responsive pleading based on the mistaken assumption that the proceedings had been dismissed.

Following the hearing, the Court granted the parties additional time to file supplemental briefs. On July 28, 2014, both parties filed additional briefs. Plaintiff attached four notices of acceleration to show Defendants received proper notice of the acceleration and received time to cure the default. Defendants indicated they cured the default on several occasions and the letters Plaintiff submitted to the Court are incomplete and misleading. Defendants also

attached copies of several checks that suggest they cured the default on multiple occasions. The parties also filed supplemental arguments about attorney's fees on August 4 and August 5.

**Discussion**

The Court must decide whether to vacate the foreclosure judgment due to insufficient service. V.R.C.P. 4(d) prefers a plaintiff to personally serve a summons on a defendant within Vermont. Under some circumstances, a plaintiff may serve a defendant personally out of state or by mail. *See* V.R.C.P. 4(e), (f). As a last resort, the Court can allow service by publication. *See* V.R.C.P. 4(g). The plaintiff must file a motion indicating the plaintiff cannot personally serve the defendant. *See* V.R.C.P. 4(g)(1). After the Court grants a motion allowing for service by publication, a plaintiff must submit a proposed order for service by publication. *See* V.R.C.P. 4(g)(2). The order for service by publication must direct the order itself will be published, describe the action, the place of the action, and the summons. *Id.* Further, the order must direct the plaintiff to mail a copy of the order to the defendant at a last known address *Id.*

The form of publication notice was defective in this case. *See id.* Although the Court granted Plaintiff's motion for service by publication, Plaintiff never sought or obtained the order for service by publication required by Rule 4(g)(2). Instead, Plaintiff created something that resembles a summons and placed that in the Manchester Journal. *See id.* The summons published was not signed by the Court. Additionally, Plaintiff did not mail a copy of the summons to Defendants at the mailing address for the property. *See id.* These defects alone justify the conclusion that the judgment must be vacated because the invalid form of service deprived Defendants of due process.

The facts of this case resemble those in *Brady v. Brauer*, `48 Vt. 40, 41–42 (1987), and the *Brady* holding controls the outcome here. In *Brady*, a defendant sought to reopen a case in which judgment by default had been granted following service by publication. *Id.* at 41. The defendant did not receive actual notice despite the trial court's allowance of publication notice in a Windsor county newspaper. *Id.* at 41–42. The plaintiff attempted to serve the defendant at the former Vermont business and in Florida, but the mail was returned. *Id.* The defendant resided in Massachusetts. *Id.* at 42. After the trial court denied the defendant's motion to vacate the judgment, the Vermont Supreme Court reversed. Although the trial court has broad discretion as to vacating judgments pursuant to V.R.C.P. 60(b) motions, the exercise of discretion is limited by due process considerations. *See id.* at 44. Plaintiff must meet the burden of the service requirements in V.R.C.P. 4(d), (e). *Id.* Service must be more than a gesture and notice in a local newspaper under the circumstances was not sufficient to make it likely that an out-of-state defendant would receive actual notice. *Id.* at 44–45. The Court therefore held the trial court should have allowed the defendant to reopen and present defenses. *See id.* at 47.

*Brady* demands the Court vacate the foreclosure judgment. Plaintiff retains the burden of meeting service requirements under V.R.C.P. 4. Here, Plaintiff ignored many of the requirements of V.R.C.P. 4(g). Considering that service by publication is a method of last resort that often does not give actual notice to defendants, the defects cannot be deemed trivial or harmless *See Brady*, 148 Vt. at 44–47. Moreover, Plaintiff was in contact with Defendants after Plaintiff moved for service by publication and before it attempted to perfect such service. Plaintiff's counsel knew that Attorney Dakin had represented Defendants in this matter. Despite

Attorney Doucette's earlier assurances to the Court that she conducted an "exhaustive search," Plaintiff subsequently developed additional information that easily should have made service possible by one of the methods under Rule 4 more reliably likely to guarantee actual notice. It is doubtful that the default judgment could have been sustained even had Plaintiff already perfected service by publication before being contacted by Attorney Dakin. Since publication had not yet occurred, it is hard for the Court to fathom any basis for Plaintiff's continued reliance on the Court's entry granting publication, especially as it was made without informing the Court that since making its representations as to an unavailing diligent search for Defendants whereabouts, Plaintiff had been in contact with Defendants' attorney to discuss possible resolution of the case. For Plaintiff to proceed thereafter to certify service by publication and seek default judgment, never giving notice to Defendant through known counsel of such request for relief, strikes very close to willfully misleading the Court. See, V.R.C.P.11(b).[1] Whether or not it was reasonable for Defendant to assume that the case had been dismissed is irrelevant to the Court reasoning, since Plaintiff bears the burden of making adequate service, which never occurred here.

Considering the gravity of the misuse of service by publication here, Defendant's claim of meritorious defenses need be little more than articulable. *See LaFrance Architect v. Point Five Dev. South Burlington, LLC*, 2013 VT 115, ¶¶ 15–17. Indeed, the Court concludes that the expiration of the period of redemption alone, which occurred before Defendants had any actual notice of the foreclosure decree, would require revision of the judgment. In addition, however, the Court concludes that Defendants have raised a substantial issue as to the validity of Plaintiff's notice of acceleration, which requires the opportunity for discovery and pre-trial proceedings.

Finally, the Court rejects Defendants' requests for attorney's fees. Defendants have not pled a violation under V.R.C.P. 11, which requires a separate motion for sanctions which satisfies the exacting requirements of V.R.C.P. 11(c). *See Agency of Nat. Res. V. Lyndonville Sav. Bank & Trust. Co.*, 174 Vt. 498, 499–500 (2002) (mem.). The Court also does not find Defendants have made the required of showing of bad faith to justify attorney's fees. The American Rule as to attorney's fees, which requires parties to bear their own costs, has an exception if a party can show exceptional circumstances and bad faith. *See id.* at 501; *see also Southwick v. Rutland*, 2011 VT 105, ¶ 5, 190 Vt. 324 (describing the "American Rule"). Although service was defective in this case, Plaintiff has a valid claim against Defendants and this case has not been previously resolved. *See Lyndonville*, 174 Vt. at 501. Moreover, despite the Court's conclusion that the gravity of the defects in service warrant relief under Rule 60, in considering their request for attorney's fees based on bad faith the Court is bound to take into consideration Defendants' own departure from due diligence. Knowing that a complaint for foreclosure had been filed, albeit never properly served, Defendants acted carelessly by assuming without sufficient documentation that the case had been dismissed. Under all the circumstances presented, the Court cannot conclude that Plaintiff's conduct is sufficiently outrageous to warrant departing from the American rule. *See id*.

---

[1] Contrary to Attorney Edward's argument, an attorney's duty of zealous representation does not excuse deviation from the responsibilities established by Rule 11, which ensure that representations to the Court in support of judicial relief are based on accurate information "formed after an inquiry reasonable under the circumstances."

**WHEREFORE,** it is hereby **ORDERED** :

The Court **GRANTS** Defendants' amended motion to vacate and **VACATES** the September 17, 2013 foreclosure judgment and the July 2, 2013 default judgment.  No later than August 18, 2014, the parties shall consult and submit a proposed scheduling order.

Electronically signed on August 11, 2014 at 9:32 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Amber L. Doucette (ERN 3720), Attorney for Plaintiff Nationstar Mortgage
Christopher M. Rundle (ERN 4468), Attorney for Defendant Peter Thomson
Christopher M. Rundle (ERN 4468), Attorney for Defendant Karen O'Neill-Thomson