*Matz v. Wilder*, 337-6-18 Wncv (Teachout, J., Nov. 2, 2018)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 337-6-18 Wncv** |

**JOSEPH MATZ AND SHELLEY MATZ**
    **Plaintiffs**

    **v.**

**THURMAN WILDER et al.**
    **Defendants**

### DECISION
### Plaintiffs' Motion for Reconsideration, MPR #2

This case presents a a claim by Plaintiffs Joseph Matz and Shelley Matz that Defendant Big Rock Landscape, LLC, installed a retaining wall along their driveway in a defective manner requiring expensive repairs (Counts III, IV, and V). Big Rock disputes that anything it did was unworkmanlike and that it should have any responsibility for the current condition of the wall. Plaintiffs also claimed that the alleged deficient workmanship, or refusal to ameliorate it, violates the Federal Trade Commission Act (FTC), 15 U.S.C. § 45, (Count I) and the Vermont Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2482d (Count II). The court previously granted Defendants' motion to dismiss Counts I and II because there is no private right of action under the FTC generally and because Plaintiffs have alleged an "ordinary contract dispute" rather than any marketplace misrepresentation or other misconduct actionable under the CPA. See Decision of August 27, 2018.

Plaintiffs seek reconsideration of the dismissal decision. They argue that in a 2015 amendment to 9 V.S.A. § 2453 the legislature has made any violation of the FTC a violation of the CPA, and thus the FTC claim should not have been dismissed. They also argue that the CPA claim should not have been dismissed because a nonbinding federal district court decision "exploded" the "fiction" that a failure to perform work under a warranty is not consumer fraud, and Sir Edward Coke's quotation about "reason" being "the life of the law" suggests that Plaintiffs have a right to attorney fees in this case pursuant to 9 V.S.A. § 4007(c).

*The FTC claim*

The provision to which Plaintiffs cite, 9 V.S.A. § 2453(b), appeared in its current form in the original 1967 version of the CPA. It reflects the legislature's intent that terms in the CPA that are substantially similar to terms in the FTC should be interpreted under the CPA in the same manner as they have been under the FTC. Plaintiffs' argument that this provision enables a private right of action under the FTC that the FTC itself does not provide is not supported by this provision.

*The CPA claim*

Plaintiffs cite to a recent, nonbinding federal district court decision, *In re FCA US LLC Monostable Electronic Gearshift Litigation*, 280 F.Supp.3d 975 (E.D. Mich. 2017), for the proposition that it "exploded" a "fiction" in a manner that supports Plaintiffs' argument they may have stated a CPA claim in this case. The federal decision addresses a claim that a car manufacturer with notice of an unsafe and uncorrected design defect may have fraudulently misrepresented the safety of its cars by advertising them as safe without notifying the purchasing public of the defect. The *Gearshift* decision is not applicable to this case. This case is about a retaining wall that is alleged to have been defectively installed. It does not involve the advertising of a product or service with known design defects.

Sir Edward Coke quotations and 9 V.S.A. § 4007(c) also do not persuade the court that Plaintiffs have properly stated a CPA claim. Section 4007 provides a right to a substantially prevailing party to recuperate attorney fees in cases to "recover any payment" within the scope of Vermont's Construction Contracts statutes, 9 V.S.A. §§ 4001–4009. Plaintiffs have not asserted any statutory construction contracts claim for payment in this case. Such a claim is of a different character than a CPA claim.

The issue of attorney fees in relation to Plaintiffs' straightforward contract claim has a clear answer: the American Rule. "Vermont adheres to what is called the American Rule: parties must 'bear their own attorneys' [sic] fees absent a statutory or contractual exception." *Southwick v. City of Rutland*, 2011 VT 105, ¶ 5, 190 Vt. 324 (2011).

ORDER

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is *denied*.

Dated at Montpelier, Vermont this _____ day of October 2018.

_____
Mary Miles Teachout
Superior Judge

2