Vermont Superior Court
Filed 08/19/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03712

---

Remi Onopa v. FCA US LLC

---

## Opinion and Order on FCA's Motion to Dismiss

Plaintiff Mr. Remi Onopa's demand for arbitration against Defendant FCA US LLC (FCA) before the New Motor Vehicle Arbitration Board (the Board), 9 V.S.A. §§ 4170–4181, resulted in an order requiring FCA to repurchase Mr. Onopa's pickup truck for a sum certain. He returned to the Board requesting an assessment of additional amounts against FCA due to the timing of the subsequent repurchase transaction. The Board rejected any such further assessment. Mr. Onopa then sought reconsideration of that decision, which the Board denied on August 1, 2024. Mr. Onopa filed a notice of appeal in this Court on September 18, 2024. FCA has filed a motion to dismiss arguing, among other things, that Mr. Onopa did not initiate this case in a timely manner insofar as his notice appeal was filed outside the 30-day appeal period. FCA also seeks its attorney's fees.

Mr. Onopa's arguments against dismissal are difficult to square with each other and do not square at all with the record. He argues that his appeal was timely filed, and only the Board's transmission to the Court, a matter outside of his control, may have exceeded the 30-day appeal period. He also contends that this is not an appeal at all. Rather, he seeks to enforce (rather than overturn) the Board's orders denying the

requested relief to him—while representing that the Board granted that relief (that it manifestly did not).

The record reflects that the administrative case ended with finality with the August 1, 2024, decision denying any further relief. Mr. Onopa then filed a notice appeal directly in this Court on September 18, 2024. The notice of appeal does not purport to say what issues Mr. Onopa was seeking to challenge or what sort of enforcement action he might have been contemplating. The Board promptly submitted into the record of this case its May 15 and August 1, 2024, decisions.

The Court observes what should be obvious. The pleading with which Mr. Onopa initiated this case is *a notice of appeal*. He filed it directly with this Court on September 18. Under Vt. R. Civ. P. 74(b), he should have filed it with the Board. That error makes no difference as to timeliness, however, as Rule 74(b) provides that: "[i]f a notice of appeal is mistakenly filed in the superior court, the clerk of the superior court shall note thereon the date on which it was received and shall promptly transmit it to the clerk of the administrative body or other appropriate officer, and it shall be deemed filed with the administrative body on the date so noted." Mr. Onopa had 30 days from August 1 to seek review in superior court. *See* 9 V.S.A. § 4176(a). His notice of appeal was filed on September 18 and is not timely. "Timely filing of a notice of appeal is a prerequisite to this Court's exercise of jurisdiction." *City Bank & Tr. v. Lyndonville Sav. Bank & Tr. Co.*, 157 Vt. 666, 666 (1991).

Nor does Mr. Onopa gain any traction from his contention that this is not an appeal but an enforcement action. First, as noted, he chose to initiate this case through the filing of a notice of appeal, not a civil complaint, and his notice of appeal does not

purport to assert any such claim of enforcement.  Second, a civil action, aside from an appeal, must be initiated with a summons, a complaint, and service via Vt. R. Civ. P. 4, and the payment of a particular filing fee.  Vt. R. Civ. P. 3, 4.  None of those events occurred in this case, and Mr. Onopa cannot so fundamentally recast this action as an affirmative civil case just by saying so.  *Accord Truell v. Baker*, No. 21-CV-1797, 2021 WL 8202007, at *1 (Vt. Super. Ct. Oct. 05, 2021); *Dorset Meadows Associates LLC PUD*, No. 2-1-19 Vtec, 2019 WL 1423064, at *3 n.2 (Vt. Super. Ct. Feb. 26, 2019); *Wells v. Town of Cabot Selectboard*, No. 533-9-05, 2006 WL 8522101, at *1 (Vt. Super. Ct. Nov. 14, 2006).

Mr. Onopa's appeal is dismissed because it was not timely filed.

Lastly, FCA requests an award of attorney fees but does not cite whatever authority it thinks might warrant such an award.  "Vermont adheres to what is called the American Rule: parties must 'bear their own attorneys' [sic] fees absent a statutory or contractual exception.'"  *Southwick v. City of Rutland*, 2011 VT 105, ¶ 5, 190 Vt. 324, 327 (citation omitted).  There presumably is no contract right at issue.  The only statute of which the Court is aware that possibly might have applied in other circumstances is 9 V.S.A. § 4176(a)(2): "In the event a decision is confirmed, the party who prevails shall be awarded the attorney's fees incurred in obtaining confirmation of the decision together with all costs."  The Court, however, is not confirming any order or award of the Board here.  Rather, its ruling reflects that the finality of the Board's orders cannot be contested here for lack of a timely appeal.  FCA lacks any right to fees.

Conclusion

For the foregoing reasons, FCA's motion to dismiss is granted, without prejudice as to matters outside the scope of review of the Board's administrative orders.

Electronically signed on Wednesday, August 13, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge