Filed 04/28/26

| | | |
|---|---|---|
| VERMONT SUPERIOR COURT<br>Chittenden Unit<br>175 Main Street<br>Burlington VT 05401<br>802-863-3467<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 25-CV-03793 |

| | |
|---|---|
| ALYSIA BUTLER, Trustee of the Susan L. Krasnow Revocable Trust,<br>        Plaintiff<br><br>        v.<br><br>EDWARD CAFFERTY,<br>        Defendant | DECISION ON MOTIONS |

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This is an eviction action involving the interpretation of a prenuptial settlement agreement (the "Prenup") between Defendant Edward Cafferty and his deceased wife Susan Krasnow, who is Plaintiff Alysia Butler's mother. Pursuant to the terms of the Prenup, Mr. Cafferty is living at a home in Charlotte (the "Charlotte Residence" or the "Property") that is owned by Ms. Butler, as trustee of the Susan L. Krasnow Revocable Trust (the "Trust"). The parties disagree as to the interpretation of the terms of the Prenup governing Cafferty's right to live there. Plaintiff issued Defendant a Notice of Termination of Tenancy, and then filed this action when Defendant failed to vacate the home. Pursuant to Rule 56 of the Vermont Rules of Civil Procedure, both parties have moved for summary judgment, arguing that under their interpretation of the Prenup, they are entitled to judgment as a matter of law. For the reasons discussed below, Butler's motion is DENIED and Cafferty's motion is GRANTED.

### Undisputed Facts

The material facts relevant to the Court's determination of this matter are undisputed. Edward Cafferty ("Husband") and Susan Krasnow ("Wife") signed a prenuptial agreement in June 2010 before they were married. Compl., Ex. 1, at 1. Among other things, the Prenup governs Husband and Wife's rights to their Separate Property, as defined in the Prenup. Among Ms. Krasnow's Separate Property is a residence located in Charlotte, Vermont, the title for which she held as trustee of the Trust. Ms. Krasnow is now deceased, and her daughter, Alysia Butler, owns the Charlotte Residence as the current trustee of the Trust. Cafferty continues to reside at the Charlotte Residence, and during the summer of 2025, he had a guest living with him there for about a month.

The Prenup recognizes that both Husband and Wife will contribute to the maintenance of the Charlotte Residence, which is referred to as "their residence." Compl., Ex. 1 ¶ 11(c). It establishes that Husband and Wife will have equity interests in the residence and provides the

formula for determining how to calculate each spouse's interest.  *Id*.  In addition, the Prenup states that, in the event Ms. Krasnow predeceases Mr. Cafferty:

> Husband may continue to live in [sic] Charlotte Residence exclusively; however, the right to the use of the residence shall cease if and at such time Husband ceases to use Charlotte Residence as his residence.

Compl., Ex. 1, ¶ 16.  The Prenup further provides that, so long as Husband uses the Charlotte Residence as his home, he may use the household furniture and furnishings contained in the home, and also that if he stops living there, his equity share will be distributed to him.  *Id*.  However, in the event that Mr. Cafferty predeceased Ms. Krasnow, his equity in the Charlotte Residence was not payable to his beneficiaries until the Residence was sold or otherwise disposed of, or until Ms. Krasnow stopped living there.  *Id*. ¶ 17.

Apparently upon learning that Cafferty had a guest with him at the Charlotte Residence, Butler believed that the situation violated the terms of the Prenup and issued Cafferty a Notice of Termination.  Cafferty has not vacated the residence.

Discussion

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a).  Where, as here, 'there is no dispute as to the facts," but rather "the parties dispute the proper interpretation of their contract, which is a question of law," summary judgment is appropriate.  *B&C Mgmt. Vt., Inc. v. John*, 2015 VT 61, ¶ 11, 199 Vt. 202 (citing *Dep't of Corr. v. Matrix Health Sys., P.C.*, 2008 VT 32, ¶ 11, 183 Vt. 348).

As noted above, the material facts are not in dispute in this case; rather, the parties fundamentally disagree on the correct interpretation of the Prenup, specifically, the provision in paragraph 16 that "Husband may continue to live in Charlotte Residence *exclusively*."  Compl., Ex. 1, ¶ 16 (emphasis added).  Butler contends that the provision requires "that Defendant live on the Property alone."  Pl.'s Mot. for Summ. J. at 1.[1]  Cafferty argues that the Prenup simply gives him the right to live at the residence to the exclusion of any others who might claim such a right, but does not address who may reside with him, and further that Husband's right is only lost when he ceases using the Property as his residence.

"Whether a set of facts constitutes a breach of contract is a question of law.  The cardinal rule in construing contracts is the intent of the parties."  *Beldock v. VWSD, LLC*, 2023 VT 35,

---

[1] Butler appears to rely on Cafferty's failure to respond to her Request to Admit that "the prenuptial agreement requires that, while you are residing at the Property, you reside there alone," and asserts that the Court should "hold Defendant to his admission."  However, Rule 36 states that a party may request an admission of matters relating "to statements or opinions of fact or the application of law to fact."  V.R.C.P. 36(a).  Rule 36 does not appear to authorize requests to admit to pure legal conclusions, which are matters for the Court.  Additionally, as Defendant points out, he denied such assertions in his Answer to the Complaint.

¶ 27, 218 Vt. 144 (quotations omitted). "To determine the meaning of a specific provision of a contract, we consider the whole instrument and construe it in harmony if possible." *Id*. (quotation omitted). "When the language of the contract is clear on its face, we will assume that the intent of the parties is embedded in its terms." *Dep't of Corr.*, 2008 VT 32, ¶ 12 (quotation omitted). However, an ambiguity exists when "a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable." *Isbrandtsen v. N. Branch Corp.*, 150 Vt. 575, 579, 556 A.2d 81, 84 (1988). As our Supreme Court has explained, "if the court concludes the writing is unambiguous, it must declare the interpretation as a matter of law; if it reaches the opposite conclusion, interpretation of the ambiguous contract becomes a question of fact." *Sutton v. Purzycki*, 2022 VT 56, ¶ 38, 217 Vt. 326, 347 (quotation omitted).

The Court agrees that the plain language of the Prenup is clear and unambiguous. *Sutton*, 2022 VT 56, ¶ 37 ("Where possible, we determine whether a writing is unambiguous solely using its own language."). Paragraph 16 of the Prenup seeks to establish Cafferty's rights regarding the Charlotte Residence in the event Wife predeceased him, given that he held no title to the house. The Prenup provides that if such a situation occurs, "Husband may continue to live in [the] Charlotte Residence exclusively." Compl., Ex. 1, ¶ 16. According to Merriam Webster's, "exclusive" means "excluding or having the power to exclude," and "limiting or limited to possession, control, or use by a single individual or group." *Merriam-Webster.com Dictionary*, Merriam-Webster (April 2026), https://www.merriam- webster.com/ dictionary/exclusive. Thus, paragraph 16 grants Husband the *exclusive* right to continue living in the marital home upon Wife's death, including use of the "household furniture and furnishings," and makes clear that none of Ms. Krasnow's children or other beneficiaries (such as Ms. Butler) can oust him or claim a superior right. The next part of the clause supports this construction: "however, the right to the use of the residence shall cease if and at such time Husband ceases to use Charlotte Residence as his residence." Compl., Ex. 1, ¶ 16. In other words, if Husband stopped living in the martial home, he would lose his exclusive right to the Charlotte Residence; control of the residence would then revert to the Trust, and Husband would receive a distribution of his share of the equity in the residence under paragraph 11(c).

The Court rejects Butler's argument that her proposed alternative interpretations are reasonable and plausible. *See* Pl.'s Opp. to Mot. for Summ. J. at 3. If Husband and Wife had intended to require that Husband must live *alone* in the residence after Wife's death, they could have expressly provided for that condition. As the Court discusses above, it is much more likely that Husband and Wife wished to establish that Husband could continue living in the couple's marital home at his sole discretion, to the exclusion of Wife's heirs or beneficiaries. Further, the only occurrence identified by the Prenup that would cause Husband to lose this right to the use of the residence is his ceasing to live there. While Husband and Wife could have perhaps drafted a more artful expression of Husband's exclusive right to the residence, that "in itself does not render [the clause] ambiguous." *Isbrandtsen*, 150 Vt. at 580-81, 556 A.2d at 85 ("If a contract, though inartfully worded or clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear." (quotation omitted)). "Likewise, the fact that a dispute has arisen as to proper interpretation does not automatically render the language ambiguous. Such an approach would merely invite court interference any time a litigant alleged a dispute as to a contractual term." *Id*. at 581, 556 A.2d at 85.

3

Construing the Prenup as a whole, the Court concludes the language of paragraph 16 is unambiguous and gives Cafferty the sole right to continue living in the Charlotte Residence after Ms. Krasnow's death and the power to exclude any others who may also assert such a right. Because the parties' intent and meaning are clear from the plain language, no extrinsic evidence or further discovery is needed. *See Southwick v. City of Rutland*, 2011 VT 105, ¶ 5, 190 Vt. 324 ("When the plain language of the writing is unambiguous, we take the words to represent the parties' intent, and the plain meaning of the language governs our interpretation of the contract." (citation omitted)). Defendant has demonstrated that no breach of the Prenup has occurred and therefore, he is entitled to judgment as a matter of law on Plaintiff's claim for eviction.

Order

For the foregoing reasons, Defendant Edward Cafferty's Motion for Summary Judgment (Mot. #4) is GRANTED and Plaintiff Alysia Butler's Motion for Summary Judgment (Mot. #2) is DENIED.

Defendant's Motion for Leave to File Responses to Requests to Admit Beyond Deadline (Mot. #3) is dismissed as MOOT.

Pursuant to Rule 58(d), Defendant shall submit a proposed judgment order within seven days.

Electronically signed on April 28, 2026 at 2:00 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

4