Filed 06/01/26

VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



ENVIRONMENTAL DIVISION
Docket No. 25-ENV-00037

---

| | |
|---|---|
| **2508 West Lake Road Nonconforming Structure** | **DECISION ON MOTION FOR ATTORNEY FEES** |

---

In this matter Wyldwood Lodge LLC (Appellant) appealed a May 8, 2025 decision of the Town of Poultney (Town) Development Review Board (DRB) approving Joseph and Patricia Adams' (Applicants) application for alternations to, and enlargement of, a nonconforming structure located at 2508 West Lake Road, Poultney, Vermont (the Property). By Decision on Motion, dated April 16, 2026, the Court granted summary judgment in Applicants' favor. Presently before the Court is Applicants' motion for attorney fees. Appellant opposes the motion.

In this matter, Appellant is represented by Justin Barnard, Esq. Applicants are represented by Frank Urso, Esq.

## Legal Standard

This Court applies the "American Rule" regarding attorney fees, which means that parties must bear their own attorney fees absent a statutory or contractual exception. Southwick v. City of Rutland, 2011 VT 105, ¶ 5; DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246 (2001). Although the Vermont Supreme Court has recognized the ability of trial courts to use their equity power to award attorney fees "as the needs of justice dictate," In re Gadhue, 149 Vt. 322, 327 (1987), this power may be invoked "only in exceptional cases and for dominating reasons of justice." Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). Circumstances that may justify an award of attorney fees may involve situations "where one party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons' where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action." Gadhue, 149 Vt. at 329 (quoting Harkeem v. Adams, 117 N.H. 687, 377 A.2d 617, 619 (1977)) (emphasis added). Notably, in both Gadhue and Harkeem, the exception to the American Rule took shape after the plaintiff was forced to endure a second round of litigation

(including more than one trip to the state supreme court) to secure rights that should have been forthcoming after the first appearance. Gadhue at 328–29; Harkeem at 620.

### Discussion

In this case, Appellant challenged Applicants' proposals to alter/enlarge a nonconforming structure before the DRB in one action, and challenged Applicants' State Shoreland Permit in proceedings before the Vermont Agency of Natural Resources (ANR) in another. The DRB initially denied Applicants' proposal to alter/enlarge the nonconforming structure but later approved a substantially changed application. Appellant appealed the second application to alter/enlarge the nonconforming structure to this Court, raising four issues in its amended Statement of Questions. As noted above, the Court granted summary judgment in Applicants' favor on the four Questions in Appellant's amended Statement of Questions. The Shoreland Permit was not appealed to this Court.

There are no statutory or contractual grounds for an award of attorney fees in this case. Instead, Applicants argue that this Court should grant them an award of attorney fees based on the so-called "bad faith" exception to the American Rule. This rarely-applied exception does not provide a legal basis for the relief that Applicants seek. While the Court concluded that Applicants were entitled to judgment as a matter of law on the four Questions raised by Appellant, those Questions were not facially frivolous, nor was Appellant's conduct so outrageous as to warrant an award of attorney fees. Although Applicants won on the merits before this Court, multiple trips through the state court system were not required to secure their rights in the permit under appeal.[1] Applicants applied twice to the DRB (and were opposed by Appellant both times), but they prevailed on their first trip to this Court.

Despite Applicants' contentions to the contrary, is there no strong indication that Appellant acted in bad faith, vexatiously, wantonly, or for oppressive reasons in conducting the litigation. Litigation by its very nature is stressful, expensive and, for any number of reasons, can feel oppressive to all parties involved. The Court does not doubt that the appeal process was frustrating and costly for Applicants. Moreover, aspects of both parties' filings took on a certain ad hominem quality at times. We cannot find, however, that Appellant's conduct was such that "dominating reasons of

---

[1] The Court notes that, under Vermont's land use and environmental permitting regimes, an applicant or project may require multiple permits from different entities, each of which may be separately appealable in various contexts and to various degrees provided by statute. Nothing in this decision implies or determines whether a party pursuing those statutory appeal rights for the same project inherently offends the American Rule. Nothing about Appellant's conduct in this case violates Gadhue such that an award of attorney fees is justified.

justice" require an award of attorney fees in this case. Therefore, the motion for attorney fees is **DENIED.**

Electronically signed on June 1, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division